

NUMBER 13-19-00039-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE CLAUDIA RAMOS

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria[1]**

Relator Claudia Ramos filed a petition for writ of mandamus in the above cause on January 18, 2019. Through this original proceeding, Ramos seeks to set aside an order granting a new trial. Because we conclude that the new trial order is facially invalid, we conditionally grant relief.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *see also id.* R. 47.4 (distinguishing opinions and memorandum opinions).

## I. BACKGROUND

Alberto Macias, Maria Macias, Teodoro Lopez III, and Marina Macias sued Ramos for personal injuries sustained in a vehicular collision.[2] Marina and Ramos were the drivers of the vehicles involved in the collision and Alberto, Maria, and Teodoro were passengers in the vehicle driven by Marina. The case was submitted to the jury, which found both Ramos and Marina were negligent, assessed ten percent of the responsibility against Ramos and ninety percent of the responsibility against Marina, and awarded Alberto, Maria, Teodoro, and Marina zero damages. Alberto, Maria, and Teodoro filed a motion for new trial. Their motion stated, in relevant part:

> These Plaintiffs are entitled to a new trial as the jury's verdict is unsupported by the evidence admitted and concessions made by the parties during trial. In answering "Yes" to Question Number 1, the jury determined that these Plaintiffs had suffered the complained of injuries: physical pain and mental anguish, and physical impairment. Further, the jury apportioned 100% of liability against Defendant and Plaintiff Marina Macias. No negligence was, or could have been, apportioned as to these Plaintiffs. However, despite such findings and against the great weight and preponderance of the evidence, in answering questions 3, 4 & 5, the jury awarded $0 as to each element of damages to each of these Plaintiffs.

> Accordingly, these Plaintiffs respectfully request that the Court grant a new trial because the great weight and preponderance of the evidence supports a finding that these Plaintiffs incurred at least some damages, and the jury's answer of zero damages is manifestly unjust.

Ramos filed a response to the motion for new trial in support of the jury's verdict. She argued, inter alia, that the jury was not required to find that the plaintiffs suffered injuries resulting from the collision and that the jury's decision not to award damages was supported by the fact that the plaintiffs did not submit any medical bills or records in

---

[2] This original proceeding arises from trial court cause number C-2526-15-C in the 139th District Court of Hidalgo County, Texas, and the respondent is the Honorable J. R. "Bobby" Flores. *See id.* R. 52.2.

support of their claimed injuries, and further supported by the fact that the plaintiffs did not seek any economic damages.

The trial court held a non-evidentiary hearing on the motion for new trial and subsequently granted the motion for new trial. The trial court's order states as follows:

> On this the 20th day of September, 2018 came on to be considered Plaintiffs' Motion for New Trial in the above styled court. The Court, after reviewing the evidence, the pleadings on file and the arguments of counsel, hereby finds that such motion should be GRANTED.

> The Court specifically finds that the jury's response[s] to question numbers 3, 4, 5 and 6 are against the great weight and preponderance of the evidence and [are] manifestly unjust as the great weight and preponderance of the evidence established that Albert[o] Macias, Maria Macias, Teodoro Lopez, III and Marina Macias sustained physical injuries and mental anguish as a result of Defendant's negligence. IT IS THEREFORE

> ORDERED, ADJUDGED and DECREED that Plaintiffs' Motion for New Trial is hereby GRANTED.

This original proceeding ensued. By two issues, Ramos contends (1) the trial court abused its discretion by setting aside the jury's verdict and ordering a new trial for Alberto, Maria, Marina, and Teodoro, and (2) the reasons set forth in the new trial order were not facially valid and supported by the record.

This Court requested that the real parties in interest, Alberto, Maria, Teodoro, and Marina, or any others whose interest would be directly affected by the relief sought, file a response to the petition for writ of mandamus. Real parties Alberto, Maria, and Teodoro informed us that they settled their claims with Ramos after the inception of this original proceeding and therefore, the petition for writ of mandamus is moot as to those parties. Marina's claims were not settled. Marina has not filed a response to the petition for writ of mandamus.

## II. MANDAMUS

Mandamus is an extraordinary remedy. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). The relator bears the burden of proving these requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d at 302; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

A writ of mandamus will issue to correct a clear abuse of discretion committed by a trial court in granting a new trial. *In re Whataburger Rests. LP*, 429 S.W.3d 597, 598 (Tex. 2014) (orig. proceeding) (per curiam); *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 756–57 (Tex. 2013) (orig. proceeding); *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 688–89 (Tex. 2012) (orig. proceeding). A new trial order "cannot stand" when the "trial court's articulated reasons are not supported by the underlying record." *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d at 757.

## III. NEW TRIALS

Rule 320 of the Texas Rules of Civil Procedure gives the trial court broad discretion

to grant a new trial "for good cause, on motion or on the court's own motion." TEX. R. CIV. P. 320. However, because the Texas Constitution guarantees the right to trial by jury, that authority is not unfettered. *See* TEX. CONST. art. I, § 15; *In re Bent*, 487 S.W.3d 170, 175 (Tex. 2016) (orig. proceeding). Although trial courts have significant discretion in granting new trials, "such discretion should not, and does not, permit a trial judge to substitute his or her own views for that of the jury without a valid basis." *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 212 (Tex. 2009) (orig. proceeding); *see In re United Scaffolding, Inc.*, 377 S.W.3d at 688–89. Thus, a trial court's order granting a motion for new trial must provide a reasonably specific explanation of the court's reasons for setting aside a jury verdict. *In re Bent*, 487 S.W.3d at 173; *In re Columbia Med. Ctr.*, 290 S.W.3d at 213.

A trial court does not abuse its discretion so long as its stated reason for granting a new trial is: (1) a reason for which a new trial is legally appropriate, such as a well-defined legal standard or a defect that probably resulted in an improper verdict; and (2) specific enough to indicate that the trial court did not simply parrot a pro forma template, but rather derived the articulated reasons from the particular facts and circumstances of the case at hand. *In re United Scaffolding, Inc.*, 377 S.W.3d at 688–89. A new trial order may be an abuse of discretion if, for example, it is based on a reason that is not legally valid, or "if the articulated reasons plainly state that the trial court merely substituted its own judgment for the jury's." *Id.* at 689. Further, an appellate court may conduct a merits-based mandamus review of a trial court's articulated reasons for granting a new trial. *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 758 (Tex. 2013) (orig. proceeding); *see In re Whataburger Rests. L.P.*, 429 S.W.3d 597, 598 (Tex. 2014) (orig. proceeding)

(per curiam). If the articulated reasons are not supported by the law and the record, mandamus relief is appropriate. *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d at 761–62.

## IV. ANALYSIS

We address Ramos's second issue first as a threshold matter. In her second issue, Ramos contends that the new trial order is facially invalid. She asserts that the new trial order is a "pro forma template" and it lacks any analysis of the facts and evidence that allegedly supports the granting of a new trial. We agree.

The new trial order states that the jury's responses to questions three through six of the jury charge "are against the great weight and preponderance of the evidence and [are] manifestly unjust as the great weight and preponderance of the evidence established that [Alberto, Maria, Teodoro, and Marina] sustained physical injuries and mental anguish as a result of [Ramos's] negligence." Here, we are presented with the issue of whether the trial court abused its discretion in concluding that the jury's negative findings were against the great weight and preponderance of the evidence, which is a factual-sufficiency question. *In re Wagner*, 560 S.W.3d 309, 319 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding), *In re Baker*, 420 S.W.3d 397, 402 (Tex. App.—Texarkana 2014, orig. proceeding). The stated reason for granting the new trial is a reason for which a new trial is legally appropriate. *See In re United Scaffolding, Inc.*, 377 S.W.3d at 688–89. However, the order is not specific enough to indicate that the trial court did not simply "parrot a pro forma template" but rather derived the articulated reasons from the facts and circumstances of the case at hand. *See id.* The order does not discuss any evidence, reference any specific facts, or explain how any evidence, facts, or testimony undermines

6

the jury's findings, thus warranting a new trial. Therefore, we conclude that the September 7, 2018 order granting a new trial is facially invalid. *See In re United Scaffolding, Inc.*, 377 S.W.3d at 688–89; *see also In re Sanchez*, No. 04-18-00530-CV, 2018 WL 4903038, at *2 (Tex. App.—San Antonio Oct. 10, 2018, orig. proceeding) (mem. op.) (conditionally granting mandamus relief for a new trial order that was facially invalid where it stated merely that the "answer of zero damages for past physical pain is against the great weight and preponderance of the evidence and is manifestly unjust based on the undisputed evidence introduced at trial"). Accordingly, we sustain Ramos's second issue. Having sustained this issue, we need not address Ramos's remaining issue. *See* TEX. R. APP. P. 47.4.

### V. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that Ramos has met her burden to obtain relief. Because the new trial order is facially invalid, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate its new trial order and conduct further proceedings pursuant to this opinion, with due consideration for the intervening settlement of the claims made by Alberto, Maria, and Teodoro. The writ will issue only if the trial court fails to comply.

NORA L. LONGORIA
Justice

Delivered and filed the
1st day of May, 2019.

7