926

IN RE: Jennifer ORREN, Relator

NO. 12-17-00313-CV

Court of Appeals of Texas,
Tyler.

Opinion delivered November 22, 2017

David G. Allen, for Relator.

John D. Sloan, for Real Party in Interest.

Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.

## OPINION

James T. Worthen, Chief Justice

Jennifer Orren seeks mandamus relief from the trial court's order granting Dale Blocker and David George's motion for new trial.[1] In a single issue, she contends

1. The Respondent is the Honorable Alfonso Charles, Judge of the 124th Judicial District

that the trial court abused its discretion by granting the new trial and that she has no adequate remedy at law. We conditionally grant the writ.

## BACKGROUND

Blocker and George were involved in a motor vehicle collision with Orren in March 2014. They subsequently sued Orren, alleging they were injured as a result of the collision. At trial, Blocker and George each alleged that they injured their backs during the collision. They sought past and future damages for medical expenses, pain and suffering, mental anguish, and physical impairment. Blocker's treating physician, Dr. Kenneth Reesor, testified that the collision aggravated and significantly worsened prior injuries. And George's physician, Dr. Charles Gordon, testified that the accident caused a significant back injury that resulted in surgery.

At the conclusion of trial, the jury awarded Blocker $13,700.00 in past medical expenses and George $30,000.00 in past medical expenses. The jury did not award any other damages.

Blocker and George filed a motion for new trial, and Orren filed a motion for a judgment on the verdict. Blocker and George alleged that the failure of the jury to award noneconomic damages was against the great weight and preponderance of the evidence. Following a hearing, the trial court granted the motion for new trial. This original proceeding followed.

## PREREQUISITES TO MANDAMUS

■ Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). To be entitled to mandamus relief, a relator must demonstrate that (1) the trial court clearly abused its discretion and (2) the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011). The relator has the burden of establishing both of these prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding).

## NO ADEQUATE REMEDY BY APPEAL

As part of her sole issue, Orren argues that she has no adequate remedy by appeal. The Texas Supreme Court has explained that "absent mandamus review," parties "will seemingly have no appellate review" of orders granting new trials. *See In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 209 (Tex. 2009) (orig. proceeding). Even if a party could obtain appellate review of a new trial order following a second trial, it could not obtain reversal of an unfavorable verdict unless it convinced an appellate court that the granting of the new trial constituted harmful error. *Id.* Furthermore, even if an unfavorable verdict were reversed and rendered in the party's favor, "it would have lost the benefit of a final judgment based on the first jury verdict without ever knowing why, and would have endured the time, trouble, and expense of the second trial." *Id.* at 209–10.

■ Accordingly, an appellate court may review the merits of a new trial order in a mandamus proceeding. *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 759 (Tex. 2013) (orig. proceeding). If a trial court abuses its discretion in granting a motion for new trial, there is no adequate remedy by appeal. *In re Columbia*, 290 S.W.3d at 210. Thus, because mandamus review is appropriate in this case, we must now determine if the trial court abused its

---

Court, Gregg County, Texas. The underlying proceeding is trial court cause number 2014-859-B, styled *Dale Blocker and David George v. Jennifer Orren*.

discretion by granting a new trial. *See id.*; *see also In re Toyota Motor Sales*, 407 S.W.3d at 762; *In re United Servs. Auto Ass'n*, 446 S.W.3d 162, 180 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding) (granting mandamus relief where trial court's reasons for ordering new trial not "legally appropriate" or grounded in facts of case).

## ABUSE OF DISCRETION

In the remainder of her single issue, Orren argues that the trial court abused its discretion in granting Blocker and George's motion for new trial because the evidence is factually sufficient to support the jury's damages findings. She further argues that the trial court's order does not pass either the facial validity or merits-based review set forth by *In re Bent*, 487 S.W.3d 170 (Tex. 2016) (orig. proceeding).

### Standard of Review and Applicable Law

We review the merits of a new-trial order under the abuse-of-discretion standard familiar and inherent in mandamus proceedings. *In re Bent*, 487 S.W.3d at 177-78. Under that standard, a trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding).

Although trial court courts have long been afforded broad discretion in granting new trials, a trial court's discretion to order a new trial is not "limitless." *In re Columbia*, 290 S.W.3d at 210, 213; *see also* TEX. CONST. art. 1, § 15 (right to trial by jury "shall remain inviolate"). Just as an appellate court cannot substitute its judgment for that of the trial court, neither may the trial court substitute its judgment for that of the jury in granting a new

trial. *In re Wyatt Field Serv. Co.*, 454 S.W.3d 145, 152 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding).

When a trial court orders a new trial after a case has been tried to a jury, the parties are entitled to an understandable, reasonably specific explanation why their expectations are frustrated by a jury verdict being disregarded or set aside, the trial process being nullified, and the case having to be retried. *In re Bent*, 487 S.W.3d at 175-76. Accordingly, a trial court, in its order granting a new trial, must state a reason for doing so. *In re Columbia*, 290 S.W.3d at 213. The trial court's "stated reason" must be (1) legally appropriate, articulating a well-defined legal standard or a defect that probably resulted in an improper verdict, and (2) specific enough to indicate that the trial court did not simply parrot a pro forma template, but rather derived the articulated reason from the particular facts and circumstances from the case at hand. *In re Bent*, 487 S.W.3d at 173. If the trial court's order granting a new trial satisfies these facial requirements, an appellate court may conduct a merits review of the bases for the new trial order and grant mandamus relief if the record does not support the trial court's rationale for ordering a new trial. *Id.*

### Facial Validity

In this case, the jury declined to award damages for future medical care expenses, past and future physical pain and suffering, past and future mental anguish, and past and future physical impairment. In its order granting Blocker and George's motion for new trial, the trial court concluded that the jury was required to award "at least some non-economic damages for physical pain and suffering, mental anguish, and physical impairment"

because (1) the jury found that the plaintiffs suffered injuries as a result of the collision and awarded past medical expenses, and (2) Orren "failed to refute" the plaintiffs' objective evidence of the existence of their injuries. The order neither outlines nor lists any of the allegedly uncontroverted evidence.

▪ Generally, the jury has great discretion in considering evidence on the issue of damages. *Grant v. Cruz*, 406 S.W.3d 358, 363 (Tex. App.—Dallas 2013, no pet.). Matters of pain and mental anguish are necessarily speculative, and it is particularly within the jury's province to resolve these matters and decide the amounts attributable thereto. *Id.* at 363. When there is uncontroverted, objective evidence of an injury and the causation of the injury has been established, appellate courts are more likely to overturn jury findings of no damages for past pain and mental anguish. *Id.*; *see also Blizzard v. Nationwide Mut. Fire Ins. Co.*, 756 S.W.2d 801, 805 (Tex. App.—Dallas 1988, no writ). However, where the evidence of pain is conflicting, scant, or more subjective than objective, appellate courts are generally more reluctant to determine a jury finding of no damages is contrary to the great weight and preponderance of the evidence. *Grant*, 406 S.W.3d at 363–64 (finding when there was no objective evidence of injury, jury could resolve inconsistencies in evidence, determine plaintiffs' injuries from accident were minimal, and award no damages for pain and suffering despite awarding damages for past medical expenses).

▪ Additionally, the mere fact of injury does not prove compensable pain and mental anguish. *Id.* at 364; *Blizzard*, 756 S.W.2d at 805. "[A] damage award for physical pain is not always mandated when medical expenses are awarded." *Enright v. Goodman Distribution, Inc.*, 330 S.W.3d 392, 398 (Tex. App.—Houston [14th Dist.]

2010, no pet.). For an undisputed injury that is less serious and accompanied only by subjective complaints of pain, a jury may reasonably believe that the injured party should be compensated "for seeking enough medical care to ensure that [the] injury was not serious" yet also conclude the injured party "never suffered pain warranting a money award." *Blizzard*, 756 S.W.2d at 805; *see also McGuffin v. Terrell*, 732 S.W.2d 425, 428 (Tex. App.—Fort Worth 1987, no writ) (stating that "evidently the jury found appellant's injury so minimal as to not warrant an award for past pain and suffering" despite the jury's award of medical expenses for treatment of muscle spasms); *Chadbourne v. Cook*, No. 05-99-00353-CV, 2000 WL 156955, at *2 (Tex. App.—Dallas Feb. 15, 2000, no pet.) (not designated for publication) (stating that "the jury could reasonably conclude any pain and suffering [one of the plaintiffs] endured was too negligible to warrant monetary compensation" despite the jury's award of medical expenses for treatment of his nose injury). Moreover, when there is conflicting evidence of the injury's cause or an alternative explanation for the injured party's reported pain, appellate courts have upheld zero damage findings for physical pain despite the jury finding that the injured party is entitled to damages for medical expenses. *Grant*, 406 S.W.3d at 364; *Enright*, 330 S.W.3d at 398; *see also Lanier*, 401 S.W.3d at 455; *Hyler v. Boytor*, 823 S.W.2d 425, 427–28 (Tex. App.—Houston [1st Dist.] 1992, no writ) (upholding zero damages finding for pain and suffering despite award for medical expenses; jury heard evidence of alternative causes for plaintiff's lumbar sprain and spinal injury).

Here, the trial court granted a new trial on the basis that "Texas law required the Jury to award Plaintiffs at least some noneconomic damages for physical pain and

suffering, mental anguish, and physical impairment." As explained above, however, this reason is contrary to Texas law. The jury was not required to award any non-economic damages for physical pain and suffering, mental anguish, or physical impairment. *See Enright*, 330 S.W.3d at 398; *see also Lanier v. E. Founds., Inc.*, 401 S.W.3d 445, 455 (Tex. App.—Dallas 2013, no pet.). Therefore, the trial court failed to articulate "a reason for which a new trial is legally appropriate." *See Bent*, 487 S.W.3d at 173. Additionally, when granting a new trial, the trial court was required to "assur[e] the parties that the jury's decision was set aside only after careful thought and for valid reasons." *Id.* Yet, the trial court's order contains no explanation as to how the evidence, or lack thereof, undermines the jury's findings as required by *Bent*. Absent such an explanation, "parties in the case can only speculate about why the court ostensibly circumvented a critical constitutional right." *In re Toyota Motor Sales*, 407 S.W.3d at 749.

Under these circumstances, we conclude that the trial court's order fails to state (1) a legally appropriate reason for granting a new trial, or (2) a cogent and reasonably specific explanation of the trial court's reasoning. *See In re Bent*, 487 S.W.3d at 173; *see also In re United Scaffolding, Inc.*, 377 S.W.3d 685, 688 (Tex. 2012). As a result, the trial court's order granting the motion for new trial is not facially valid as required by the Texas Supreme Court in *Bent*.

### Merits-Based Review

 Even were we to conclude that the trial court's new trial order satisfies the facial validity requirements of *Bent*, the record does not support the trial court's rationale for ordering a new trial. Whether the trial court abused its discretion in concluding that the jury's findings relating to noneconomic damages was un-

supported by the evidence is a factual sufficiency question. To prevail on a challenge that the evidence is factually insufficient to support an adverse finding on an issue on which the complaining party has the burden of proof, that party must show that the adverse finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). The jury is the sole judge of the witnesses' credibility, and it may choose to believe one witness over another, and a reviewing court may not impose its own opinion to the contrary. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). When presented with conflicting testimony, the fact finder may believe one witness and disbelieve others, and it may resolve inconsistencies in the testimony of any witness. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986).

As previously noted, the issue of damages is a matter within the jury's discretion. *See Grant*, 406 S.W.3d at 363. "When there is conflicting evidence about the severity of the injuries or about whether the injuries were caused by the collision, the jury has the discretion to resolve the conflicts, determine which version of the evidence to accept, and refuse to award damages." *Lanier*, 401 S.W.3d at 455. "[C]ourts have upheld jury awards of zero damages when both subjective and objective evidence of injuries existed, so long as the jury's verdict was not so against the great weight of the evidence as to be manifestly unjust." *Id.* at 456.

In the present case, the trial court's order states that Orren failed to refute "objective evidence of each Plaintiff's injuries." However, Orren argues, and we agree, that evidence was introduced at trial to support the jury's failure to find noneconomic damages.

For instance, the jury heard evidence that Blocker's injuries were degenerative. When Blocker went to the emergency room following the collision, he complained of neck and back pain. However, his x-rays showed no evidence of an acute, traumatic cervical spine injury. To the contrary, the x-rays showed degenerative disk disease at two cervical joints and anterolisthesis with signs of degenerative disk disease at the lumbar-sacral joint. Blocker's MRIs also did not show acute traumatic injury. According to the MRI results, Blocker suffers from osteoarthritis, degenerative facet changes in his spine, bone spurs, and multilevel spinal stenosis caused by a congenital defect in his neck.

Blocker sought treatment from Dr. Reesor following the accident, but only visited the doctor five times over the span of twenty months. Blocker was not prescribed physical therapy or other rehabilitation as a result of the collision. During his testimony, Blocker acknowledged that his medical records did not claim that his injuries were acute or caused by trauma. He also testified to involvement in a 1989 accident and a slip and fall in 2009, after which he sought chiropractic treatment. And Orren's expert, Dr. Noah Jaffe, testified that he reviewed Blocker's medical records and that the records show Blocker's injuries were both degenerative in nature and consistent with the effects of obesity.

The jury also heard evidence that George's injuries resulted from preexisting, degenerative conditions. When George went to the emergency room following the accident, he complained of pain in his lower back, chest, right shoulder, and right hand. However, his examination results showed no "acute changes" or evidence of injury and revealed that George had normal range of motion in his back and extremities. George's x-rays showed degenerative disk disease with disk space narrowing at the lumbar-sacral joint and degenerative disk changes in his lower thoracic spine. And George's CT scan showed no acute traumatic injury to the chest, abdomen, or pelvis. A subsequent MRI confirmed the findings from the x-rays. Dr. Jaffe reviewed the medical records and opined that George's injuries were degenerative in nature. He testified that back pain is a symptom of degenerative disc disease and that if the disc is significant enough and presses on a nerve, a person may experience numbness, tingling, or weakness in the leg.

During his testimony, George acknowledged that, in his deposition, he testified to experiencing lower back pain before the collision and having an accident that involved his lower back before the collision. Furthermore, George's treating physician, Dr. Gordon, testified that George suffered from a preexisting degenerative condition. He explained that degenerative conditions are related to age and wear and tear, and that the entire spine tends to wear out over time. He did not believe that degenerative changes caused George's symptoms, but he admitted that they can cause the same symptoms as those related to trauma from a collision. He believed that George's degenerative condition was asymptomatic before the collision. He further admitted that the MRI report that he reviewed said nothing about acute or trauma-related conditions, but mentioned disc disease and a degenerative condition instead. He agreed that when a disc presses on a nerve and causes pain or weakness in the legs and extremities, such a condition could be caused by a collision, trauma, or aging, and could have existed before the collision. He also acknowledged that an MRI from April 2016 refers to degenerative changes at every level of George's spine.

Accordingly, the record contains evidence that contradicts the trial court's conclusion that Orren failed to present evidence refuting Appellants' evidence. As sole judge of the weight and credibility of the evidence, the jury could reasonably conclude that Appellants' pain was attributable to factors other than the collision, such as a preexisting condition, degenerative changes, or both. In doing so, the jury reasonably could conclude that Blocker's and George's ongoing complaints of pain were not proximately caused by the accident and did not rise to the level of compensable physical pain and suffering. The trial court was not permitted to substitute its judgment for that of the jury. *See Jackson*, 116 S.W.3d at 761; *see also In re Wyatt Field Serv. Co.*, 454 S.W.3d 145, 152 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding). Based upon our review of the record, the jury's finding that George and Blocker sustained no compensable mental anguish, physical pain and suffering, or physical impairment was not so clearly against the "great weight and preponderance of the evidence" as to be clearly wrong and unjust. *See In re United Servs. Auto Ass'n*, 446 S.W.3d at 173; *see also Lanier*, 401 S.W.3d at 456. Thus, the record does not support the trial court's rationale for granting a new trial, and the trial court abused its discretion by granting Appellants' motion for new trial. *See Toyota Motor Sales*, 407 S.W.3d at 758; *In re Wyatt Field Serv. Co.*, 454 S.W.3d at 149.

## Disposition

For the reasons set forth above, Orren has satisfied both prerequisites to mandamus. Accordingly, we ***conditionally grant*** Orren's petition for writ of mandamus and direct the trial court to (1) vacate its June 21, 2017 order granting Blocker and George's motion for new trial; and (2) render judgment on the jury's verdict. We trust the trial court will promptly comply with this opinion and order. The writ will issue only if the trial court fails to do so ***within fifteen days of the date of the opinion and order***. The trial court shall furnish this Court, within the time for compliance with this Court's opinion and order, a certified copy of the order evidencing such compliance. Our stay of October 17, 2017 is ***lifted***.

## ORDER

ON THIS DAY came to be heard the petition for writ of mandamus filed by Jennifer Orren; who is the relator in Cause No. 2014-859-B, pending on the docket of the 124th Judicial District Court of Gregg County, Texas. Said petition for writ of mandamus having been filed herein on October 16, 2017, and the same having been duly considered, because it is the opinion of this Court that the petition for writ of mandamus be, and the same is, **conditionally granted**.

And because it is further the opinion of this Court that the trial judge will act promptly and vacate his order of June 21, 2017, granting Blocker and George's motion for new trial; and (2) render judgment on the jury's verdict. The writ will not issue unless the **HONORABLE J. ALFONSO CHARLES** fails to comply with this Court's order ***within fifteen (15) days*** from the date of this order.

It is further ORDERED that all costs of this proceeding shall be adjudged against the party incurring same.