**Opinion issued February 6, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00742-CV

————————————

## IN RE TEXAS FARM BUREAU MUTUAL INSURANCE COMPANY, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator, Texas Farm Bureau Mutual Insurance Company, seeks mandamus relief in connection with the trial court's setting aside a jury's verdict and ordering a new trial.[1] Relator complains of the amended order's grant of new trial and of the court's determination that the jury's finding was against the great weight and

---

[1] The underlying case is *Katherine Hunter v. Texas Farm Bureau Mutual Insurance Company*, cause number 17-CV-0910, pending in the 10th District Court of Galveston County, Texas, the Honorable Kerry L. Neves presiding.

preponderance of the evidence. For the reasons set forth below, we conditionally grant the petition for mandamus relief.

## Background

Real party in interest, Katherine Hunter, was crossing the street in 2015 during a family vacation in Galveston, Texas when she was struck by a car. At the time, she was insured by relator. Hunter settled with the driver's insurer for $50,000 and collected $10,000 from relator. She sued relator for underinsured motorist ("UIM") benefits, asking the jury to award more than $1.6 million for past and future physical pain and mental anguish, past and future physical impairment, and future medical expenses. The jury imposed 20 percent of the negligence against Hunter and 80 percent against the driver. The jury did not award damages to Hunter.

The jury heard evidence that included:

- Hunter was taken by ambulance to the emergency room after the accident. She complained of soreness in her left shoulder, hip and leg but no acute injuries were found and she was discharged that day with pain killers;
- Hunter stayed in Galveston the rest of the week and went tubing at Schlitterbahn but did not ride any other rides;
- She saw her primary care doctor thirteen days after the accident. At the time, Hunter believed her injuries were not acute;
- Hunter had arthroscopic surgery on her left shoulder to repair a torn rotator cuff approximately three months after the accident and on her left hip approximately eight months after the accident;
- In the three and one-half years after the accident, Hunter had at least ten injections, three nerve conduction tests, eighty-four physical

2

therapy sessions, thirteen orthopedic doctor visits, five neurology doctor visits, sixteen pain management doctor visits and twelve psychotherapy visits; and

- There was conflicting evidence – including testimony from Hunter's treaters – as to whether Hunter's pain was caused by the accident or other potential causes, such as degenerative conditions, that were not linked to the accident.

On April 11, 2019, the trial court signed a final judgment rendering judgment in favor of relator, ordering that Hunter take nothing on her UIM claims. On May 10, 2019, Hunter moved for a new trial, asserting the jury's verdict was against the great weight and preponderance of the evidence. The court held a hearing on June 24, 2019 and granted the motion for new trial. On July 30, 2019, Hunter moved to amend the order granting new trial such that it would provide the court's reasoning in granting the new trial. The court had a hearing on August 8, 2019 and granted the motion to amend the order granting the new trial. That day the court signed an amended order for new trial ("amended order") drafted by relator. The amended order said, *inter alia*, the zero-damage award was against the great weight and preponderance of the evidence because, given the jury's findings that the defendant was negligent, Texas law required the jury to award non-economic damages to the plaintiff.

Relator asserts in its petition for writ of mandamus that the trial court abused its discretion in ordering the new trial because (1) Texas law does not require the jury to award damages even if the defendant is found to be negligent,

and (2) the record supports the jury's finding that Hunter was not entitled to damages. Hunter asserts mandamus relief is not warranted because (1) the invited error doctrine precludes the relief relator seeks, and (2) the trial court did not abuse its discretion in finding the jury's zero-damages award was against the great weight and preponderance of the evidence.

## Standard of Review

Mandamus generally issues "to correct a clear abuse of discretion or the violation of a duty imposed by law" and when there is no adequate remedy by appeal. *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding). The merits of an order granting a new trial when a jury verdict is set aside are reviewable by mandamus. *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 749 (Tex. 2013); *Columbia*, 290 S.W.3d at 205, 209.

An order granting new trial is reviewed in a mandamus proceeding for abuse of discretion. *In re Bent*, 487 S.W.3d 170, 177-78 (Tex. 2016). A trial court abuses its discretion if its action is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *In re United Services Auto. Ass'n*, 446 S.W.3d 162, 170 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding) (quoting *In re CSX Corp.,* 124 S.W.3d 149, 151 (Tex. 2003) (per curiam) (orig. proceeding)). Trial courts have "broad discretion" in the grant of new trials. *Bent*, 487 S.W.3d at 175.

4

However, a trial court's broad authority "should not, and does not, permit a trial judge to substitute his or her own views for that of the jury without a valid basis." *Columbia*, 290 S.W.3d at 212. Trial courts may grant new trials "for good cause" and "when the damages are manifestly too small or too large." *Bent*, 487 S.W.3d at 175 (quoting Tᴇх. R. Cɪᴠ. P. 320).

**The amended order is facially invalid.**

The amended order states in part:

> The Court finds that the Jury found an occurrence caused by some negligence with Plaintiff 20% liable and the driver 80% liable for the occurrence. Based on these findings, Texas law required the Jury to award Plaintiff at least some non-economic damages for past and future physical pain and mental anguish, past and future physical impairment, and future medical expenses. The Jury failed to do so. Accordingly, the Jury's finding of zero damages is against the great weight and preponderance of the evidence and is manifestly unjust. For these reasons, the Court grants Plaintiff's Motion to Amend and orders a new trial.

The amended order does not provide any other basis for the trial court's decision to grant the new trial. Specifically, the amended order does not identify any evidence that supports the trial court's reasoning. "[A]t the very least, parties to a jury trial 'are entitled to an understandable, reasonably specific explanation why their expectations are frustrated by a jury verdict being disregarded or set aside, the trial process being nullified, and the case having to be retried.'" *Bent*, 487 S.W.3d at 175-76 (quoting *Columbia,* 290 S.W.3d at 213). A trial court, in granting a new trial, must identify a reason that is "legally appropriate" and "is specific enough to

5

indicate that the trial court did not simply parrot a pro forma template, but rather derived the articulated reason from the particular facts and circumstances from the case at hand." *Bent*, 487 S.W.3d at 173 (quoting *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 688-89 (Tex. 2012)). A trial court abuses its discretion in setting aside a jury verdict and granting a new trial if, in the new-trial order, "the given reason, specific or not, is not one for which a new trial is legally valid" or "if the order, though rubber-stamped with a valid new-trial rationale, provides little or no insight into the judge's reasoning." *United Scaffolding,* 377 S.W.3d at 689.

Juries typically have "great discretion" in deciding whether the evidence supports a damage award. *In re Orren*, 533 S.W.3d 926, 930 (Tex. App.—Tyler 2017, orig. proceeding) (citing *Grant v. Cruz*, 406 S.W.3d 358, 363 (Tex. App.—Dallas 2013, no pet.)); *see also Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 772 (Tex. 2003) ("[W]hether to award damages and how much is uniquely within the factfinder's discretion."). In fact, the amended order's statement that Texas law requires the award of non-economic damages because of the negligence finding is incorrect. "The mere fact of injury" does not necessarily entitle the plaintiff to damages for pain, mental anguish or impairment. *Orren*, 533 S.W.3d at 930 (citing *Grant*, 406 S.W.3d at 364); *Biggs v. GSC Enterprises, Inc.*, 8 S.W.3d 765, 769 (Tex. App.—Fort Worth 1999, no pet.) (citing *Blizzard v. Nationwide*

6

*Mut. Fire Ins. Co.*, 756 S.W.2d 801, 805 (Tex. App.—Dallas 1988, no writ)).[2]

Appellate courts have upheld zero-damage awards for physical pain, even when the jury found the plaintiff was entitled to damages for past medical expenses, when the jury heard conflicting evidence regarding the cause of the injury or alternative explanations for the plaintiff's pain. *Enright v. Goodman Distribution, Inc.*, 330 S.W.3d 392, 398 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("[A] damage award for physical pain is not always mandated when medical expenses are awarded."). *See also Blizzard*, 756 S.W.2d at 805 ("The jury could reasonably have believed that Blizzard should fairly be compensated for seeking enough medical care to ensure that her injury was not serious, but that she never suffered pain warranting a monetary award."). Further, "where the evidence of pain is conflicting, scant, or more subjective than objective, appellate courts are generally more reluctant to determine a jury finding of no damages is contrary to the great weight and preponderance of the evidence." *Orren*, 533 S.W.3d at 930 (citing *Grant*, 406 S.W.3d at 363-64).

In *Orren*, the plaintiffs sued the defendant after a motor-vehicle accident. 533 S.W.3d at 928. The plaintiffs alleged they injured their backs and sought past

---

[2]   *See also Lanier v. E. Foundations, Inc.*, 401 S.W.3d 445, 455 (Tex. App.—Dallas 2013, no pet.) ("[U]ncontroverted, objective evidence of injury does not always require mental anguish damages. When there is conflicting evidence about the severity of the injuries or about whether the injuries were caused by the collision, the jury has the discretion to resolve the conflicts, determine which version of the evidence to accept, and refuse to award damages.") (citations omitted).

and future medical expenses, pain and suffering, mental anguish, and physical impairment. *Id.* The jury awarded the plaintiffs $13,700 and $30,000 in past medical expenses but no other damages. *Id.* The plaintiffs filed a motion for new trial, asserting the jury's failure to award noneconomic damages "was against the great weight and preponderance of the evidence." *Id.* The trial court granted the motion, signing an order that said in part, "Texas law required the Jury to award Plaintiffs at least some non-economic damages for physical pain and suffering, mental anguish, and physical impairment." *Id.* at 930-31. The defendant sought mandamus relief, asserting the trial court abused its discretion in granting the new trial because the new-trial order did not satisfy the supreme court's facial validity or merits-based review standards and because the evidence was factually sufficient to support the jury's damage award. *Id.* at 929.

The court of appeals held the order granting new trial was facially invalid because (1) Texas law does not require the jury to award non-economic damages for physical pain and suffering, mental anguish, or physical impairment, and (2) the order did not provide "a reason for which new trial is legally appropriate." *Id.* at 931 (citing *Bent*, 487 S.W.3d at 173). In addition, the order did not explain "how the evidence or lack thereof, undermine[d] the jury's findings as required by *Bent.*" *Orren*, 533 S.W.3d at 931. Therefore, the court of appeals concluded the order did not state "a legally appropriate reason for granting a new trial" or "a cogent and

8

reasonably specific explanation for the trial court's reasoning." *Id.* (citing *Bent*, 487 S.W.3d at 173; *United Scaffolding*, 377 S.W.3d at 688).

As Hunter notes in her mandamus response, the amended order here contains language nearly identical to that in the facially invalid *Orren* order. Whereas the amended order in the instant case states, "Texas law required the Jury to award Plaintiff at least some non-economic damages for past and future physical pain and mental anguish, past and future physical impairment, and future medical expenses," the *Orren* order states, "Texas law required the Jury to award Plaintiffs at least some non-economic damages for physical pain and suffering, mental anguish, and physical impairment." 533 S.W.3d at 930-31. Significantly, both orders refer to purported Texas law that does not exist. The jury's finding in the instant case that the driver was negligent does not have to result in a damage award for the plaintiff. *See Davis v. Vaughters*, No. 01-17-00612-CV, 2018 WL 5661317, at *4, 10 (Tex. App.—Houston [1st Dist.] Nov. 1, 2018, no pet.) (mem. op.) (affirming jury's award of past medical expenses but no future medical expenses, past and future pain and suffering, mental anguish, or impairment even though defendant stipulated to liability for collision, finding "the jury could have reasonably concluded either that Davis was not suffering the pain, anguish, or impairment that she alleged or that any such pain, anguish, or impairment was caused by other factors and not caused by the collision").

Further, the amended order, like the *Orren* order, is deficient because it lacks any explanation regarding "how the evidence, or lack thereof, undermines the jury's findings as required by *Bent*." *See Orren*, 533 S.W.3d at 931. The amended order provides no insight whatsoever into the trial court's reasoning in concluding the verdict was "against the great weight and preponderance of the evidence and is manifestly unjust." New-trial orders that contain "the mere recitation of a legal standard, such as a statement that a finding is against the great weight and preponderance of the evidence, will not suffice" upon mandamus review. *United Scaffolding,* 377 S.W.3d at 689; *see In re Esters*, No. 12-17-00122-CV, 2017 WL 4675368, at *4 (Tex. App.—Tyler Oct. 18, 2017, orig. proceeding) (mem. op.) (new-trial order was facially invalid because it did not "connect the evidence with an explanation as to why the damages findings for future medical care and expenses, past and future physical pain and mental anguish, and past and future physical impairment were 'manifestly too small' or contrary to the overwhelming weight and preponderance of the evidence") (quoting *United Scaffolding*, 377 S.W.3d at 689); *In re Ramos*, No. 13-19-00039-CV, 2019 WL 1930111, at *3 (Tex. App.—Corpus Christi May 1, 2019, orig. proceeding) (mem. op.) (new-trial order was facially invalid because it was "not specific enough to indicate that the trial court . . . derived the articulated reasons from the facts and circumstances of the case at hand" and because the order did not "discuss any evidence, reference

10

any specific facts, or explain how any evidence, facts, or testimony undermine[d] the jury's findings, thus warranting a new trial."); *In re 3 Atoms, LLC*, No. 07-19-00243-CV, 2019 WL 3820407, at *3 (Tex. App.—Amarillo Aug. 14, 2019, orig. proceeding) (mem. op.) (new-trial order was facially invalid because it "neither pointed to the evidence that played a pivotal role in its decision to grant a new trial, nor explained how the evidence recited in the order, under Texas law applicable to future disfigurement damages, undermines the jury's zero-dollars answer.") (citing *Bent,* 487 S.W.3d at 176).

Given the amended order's reliance on a misstatement of Texas law and its lack of explanation for the trial court's conclusion that the verdict was unsupported and unjust, the amended order is facially invalid. Therefore, relator is entitled to mandamus relief. *Ramos*, 2019 WL 1930111, at *3 (Tex. App.—Corpus Christi May 1, 2019, orig. proceeding.) ("Because the new trial order is facially invalid, we conditionally grant the petition for writ of mandamus . . . ."); *In re Sanchez*, No. 04-18-00530-CV, 2018 WL 4903038, at *2 (Tex. App.—San Antonio Oct. 10, 2018, orig. proceeding) (same). The remedy for a facially invalid order is a remand to the trial court, which then has the option to deny the motion for new trial or to sign an order that comports with Texas law. *In re Simms*, No. 14-19-00541-CV, 2019 WL 3822171, at *2 (Tex. App.—Houston [14th Dist.] Aug. 15, 2019, orig. proceeding) (mem. op.); *In re Nelsen*, No. 14-19-00600-CV, 2019 WL 4071982, at

11

*2 (Tex. App.—Houston [14th Dist.] Aug. 29, 2019, orig. proceeding) (mem. op.).[3]

**The invited error doctrine is inapplicable.**

Hunter asserts relator's right to seek mandamus relief is precluded by the invited error doctrine. The invited error doctrine provides that a party "cannot ask something of the trial court and then complain that the court erred by granting the request . . . . [T]he doctrine of invited error provides that a party may not complain of an error which the party invited." *Haler v. Boyington Capital Grp., Inc.*, 411 S.W.3d 631, 637 (Tex. App.—Dallas 2013, pet. denied) (refusing to consider merits of defendant's argument that jury's answer did not clearly "afford a reasonable basis upon which to enter a judgment" and should be disregarded, because jury question used language defendant requested in proposed jury charge);[4] *see also Berry v. Segall*, 315 S.W.3d 141, 144 (Tex. App.—El Paso 2010, no pet.) (invited error doctrine precluded consideration of appeal by plaintiff who said before trial that jury should not hear evidence of offset issues and that offset

---

[3]    Given our determination that the amended order is facially invalid, we need not consider whether the jury's verdict was against the great weight and preponderance of the evidence.

[4]    The *Haler* defendant complained on appeal that "because of the disjunctive language used in the [jury] question, a trial court cannot tell from the jury's answer which facts apply to Haler or other responsible third parties in order to formulate a judgment against Haler." 411 S.W.3d at 637. The court refused to consider the argument because the defendant had requested the specific disjunctive language in his proposed jury charge. *Id.*

12

was question of law to be decided by court but then complained on appeal that trial court should have submitted offset issues to jury); *Houston Laureate Assoc., Ltd. v. Russell*, 504 S.W.3d 550, 567–68 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (invited error doctrine precluded defendant's argument on appeal that it was deprived of jury trial, because it had agreed to permanent injunction and final judgment in order to end litigation and proceed with appeal).

The invited error doctrine is a type of estoppel. *W & T Offshore Inc. v. Meyers*, 577 S.W.3d 247, 252 (Tex. App.—Houston [14th Dist.] 2018, pet. filed). "The rule, grounded in even justice and dictated by common sense, is that [a litigant] is estopped" from asking a court to take action and "then complain[ing] that the court committed error" after taking the requested action. *Ne. Texas Motor Lines, Inc. v. Hodges*, 158 S.W.2d 487, 488 (Tex. [Comm'n Op.] 1942) (citations omitted). However, "[f]or a party to be estopped from asserting a position in an appellate court based on actions it took in the trial court, the party must have 'unequivocally taken a position in the trial court that is clearly adverse to its position on appeal.'" *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 646 (Tex. 2009) (quoting *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005)); *see also DeClaris Associates v. McCoy Workplace Sols., L.P.*, 331 S.W.3d 556, 561 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (plaintiff who filed joint motion for entry of judgment that conformed with jury's unfavorable verdict

"cannot be said [on appeal] to have invited the trial court into error," given that "[t]he trial court had made its rulings, and [plaintiff] had consistently expressed disagreement with those rulings.").[5]

Relator's unequivocal, consistent arguments in the hearings on the motion for new trial and on the motion to amend order on motion for new trial – that Hunter was not entitled to a new trial – comport with its request for mandamus relief. Indeed, relator said during the latter hearing, "while we don't like this [amended new trial] Order, we think it more closely reflects what the Court actually said at the Motion for New Trial hearing." The trial court acknowledged the amended order memorialized its ruling. The court said during the hearing on the motion to amend that the amended order "does reflect basically what I said. So, I'm going to go ahead and sign it."[6] As soon as the trial court judge said he intended to sign the amended order, relator told the court it would seek mandamus relief in connection with the amended order's grant of new trial.

---

[5]     *See also Andrew Shebay & Co., P.L.L.C. v. Bishop*, 429 S.W.3d 644, 647 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) ("A proposed judgment submitted by a party need not note the submitting party's disagreement with the contents of the judgment to maintain the right to appeal. Rather, clear objections in the trial court or post-trial proceedings evidencing disagreement with the judgment are sufficient.") (citing *Glattly v. Air Starter Components, Inc.*, 332 S.W.3d 620, 636 (Tex. App.—Houston [1st Dist.] 2010, pet. denied)).

[6]     Hunter's assertion in its mandamus response that "[n]othing in Relator's form order resembles the trial court's articulated reasons for granting the new trial" conflicts with the court's acknowledgement that the amended order reflects what the judge said.

In light of the trial court's acknowledgement that the amended order reflected his reasons for granting the new trial, coupled with Relator's consistent arguments against a new trial, Hunter's "invited error" argument lacks merit. "A party should not be estopped from challenging a court's order when the party provides to the court a proposed order following what it believes was the court's ruling at the hearing, and the court signs it." *In re Bahn*, 13 S.W.3d 865, 875 (Tex. App.—Fort Worth 2000, orig. proceeding). *See also John Masek Corp. v. Davis*, 848 S.W.2d 170, 175 (Tex. App.—Houston [1st Dist.] 1992, writ denied) (plaintiff did not waive its appeal by "merely provid[ing] a draft judgment to conform to what the court had announced would be its judgment."); *Glattly v. Air Starter Components, Inc.*, 332 S.W.3d 620, 636–37 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (plaintiff had right to appeal proposed judgment that it circulated to parties and court because judgment was drafted "after several hearings on post-trial motions and was intended to conform to what the trial court had announced as its judgment at those hearings."); *AmeriPath, Inc. v. Hebert*, 447 S.W.3d 319, 328 (Tex. App.—Dallas 2014, pet. denied) ("When a party merely provides a draft judgment to conform to what the court has indicated its judgment would be, there is no waiver of the appeal.").

## Conclusion

Accordingly, we conditionally grant mandamus relief, directing the trial court to vacate its August 8, 2019 amended order and for further proceedings consistent with this opinion. The writ will issue only if the trial court fails to comply.

Russell Lloyd
Justice

Panel consists of Justices Lloyd, Goodman, and Landau.