

# NUMBER 13-25-00120-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE BERNABE LEMUS

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Fonseca**

By petition for writ of mandamus, relator Bernabe Lemus asserts that the trial court[1] abused its discretion by granting a new trial in favor of real party in interest Ringo Lamb Jr. in a personal injury lawsuit arising from a motor vehicle collision. Because the trial court's new trial order fails to provide the parties with "an understandable, reasonably

---

[1] This original proceeding arises from trial court cause number 2020CCV-61637-4 in the County Court at Law No. 4 of Nueces County, Texas, and the respondent is the Honorable Mark H. Woerner. *See* TEX. R. APP. P. 52.2.

specific explanation" for setting aside the jury's verdict, we conditionally grant the petition for writ of mandamus in part and deny it in part as discussed herein. *See In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 213 (Tex. 2009) (orig. proceeding).

## I.    BACKGROUND

Lamb filed suit against Lemus on grounds that he sustained "serious and disabling personal injuries" when their vehicles collided at the intersection of Coleman Boulevard and South Brownlee Boulevard in Corpus Christi, Texas. Lamb alleged that he was traveling west on Coleman in a Chrysler 300 sedan and had come to a stop at the intersection in accordance with the stop sign controlling his flow of traffic. Lemus, traveling south on Brownlee in a Toyota Tundra truck, was not subject to a stop sign or other traffic control device, and made a left-hand turn onto Coleman and collided with Lamb's vehicle. The specific factual circumstances surrounding the cause of the accident and Lamb's alleged injuries are disputed. In short, Lamb alleged that: Lemus was traveling at a high rate of speed and did not slow down to turn onto Coleman; Lemus was intoxicated or impaired; Lamb had brought his vehicle to a complete stop behind the stop sign; the accident was violent; Lamb hit his head on the driver's-side window causing personal injuries; and Lemus attempted to leave the scene of the accident. In contrast, Lemus argued that: Lamb had pulled past the stop sign into the intersection when the vehicles collided; Lemus had slowed his vehicle to make the turn; he was not impaired; the accident was minor in nature; and he did not attempt to leave the scene following the accident.

2

The parties' dispute was submitted to a jury, which heard from only four witnesses: Lamb; Lemus; Officer Albert Adame, who investigated the accident; and Elizabeth Del Bosque, Lamb's mother. In response to the first question in the jury charge, the jury found that the negligence of neither Lamb nor Lemus "proximately cause[d] the injury in question." In accordance with the instructions in the charge, the jury did not answer the other questions in the charge regarding the parties' percentages of responsibility or the amount of money that would compensate Lamb for his injuries, if any, resulting from the occurrence in question.

Thereafter, Lamb filed a combined motion to set aside the jury's verdict and motion for new trial. Lamb asserted that the jury charge improperly asked if the negligence of any party proximately caused the *injury* in question rather than the *occurrence* in question. Lamb alleged that after trial, one of the jurors stated that the members of the jury believed that Lemus caused the accident, but they could not ascertain if Lamb's injuries were the result of the accident. Lamb asserted that his medical record affidavits, which were not contested, and testimony at trial established that Lemus caused the accident, and thus, "[a]ffirmative findings of liability were not properly predicate to the damage questions" in the charge. Lamb thus requested the trial court to set aside the jury verdict and grant a new trial.

Lemus filed a response in opposition to Lamb's motion. Lemus asserted that the evidence was insufficient to establish that he caused Lamb's injuries. Lemus further asserted that the first question in the charge regarding whether Lemus or Lamb proximately caused the injury in question did not improperly mingle the questions of

3

damages and liability because, *inter alia*, the second question in the charge addressed the percentage of negligence attributable to each party, and the third question asked about Lemus's damages.

On October 9, 2024, the trial court held a hearing on Lamb's combined motion and that same day signed an order granting it "based on the reasons stated in said [m]otion, the [j]ury's finding against the great weight and preponderance of the evidence, ~~and confusion in separation of liability and damages by the jury~~." The trial court's revision to the order, striking through the preprinted "confusion" finding, is initialed by the trial court.

Lemus subsequently filed a motion for entry of judgment based on the jury's verdict and motion to set aside the new trial order, and Lamb filed a response thereto. On January 13, 2025, the trial court held a hearing on Lemus's motion and ultimately, on January 27, 2025, the trial court signed an order denying Lemus's motion. This original proceeding ensued. In one issue, Lemus asserts that the trial court clearly abused its discretion in granting the motion for new trial and denying Lemus's motion for entry of judgment on the verdict. Specifically, Lemus argues that: (a) the new trial order is facially invalid because it contains no specific, articulated reason for which a new trial is legally appropriate; (b) there is no valid merits-based reason for granting the motion for new trial; and (c) the trial court failed to fulfill its ministerial duty to enter judgment based on the jury's verdict where no irreconcilable conflict existed in the jury's findings. We requested and received a response to the petition for writ of mandamus from Lamb and received a reply thereto from Lemus.

## II.    MANDAMUS

Mandamus relief provides an "extraordinary remedy." *In re Rogers*, 690 S.W.3d 296, 302 (Tex. 2024) (orig. proceeding) (per curiam) (quoting *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding)). Mandamus is discretionary in nature and it is governed by equitable principles. *In re First Rsrv. Mgmt., L.P.*, 671 S.W.3d 653, 663 (Tex. 2023) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain mandamus relief, the relator must show that the trial court clearly abused its discretion and the relator lacks an adequate remedy by appeal. *In re Dall. HERO*, 698 S.W.3d 242, 247 (Tex. 2024) (orig. proceeding); *In re AutoZoners, LLC*, 694 S.W.3d 219, 223 (Tex. 2024) (orig. proceeding) (per curiam). In this regard, there is no adequate remedy by appeal when the trial court abuses its discretion by granting a new trial. *In re Columbia Med. Ctr.*, 290 S.W.3d at 209–10.

### III. NEW TRIALS

Trial courts possess "considerable authority to grant new trials" and have the duty "to do so when they observe problems that threaten the integrity of the process and, therefore, the reliability of [a jury's] verdict." *In re Rudolph Auto., LLC*, 674 S.W.3d 289, 302 (Tex. 2023) (orig. proceeding). However, because "disregarding a jury's verdict is an unusually serious act that imperils a constitutional value of immense importance—the authority of a jury"—the trial court may only do so "when clearly supported by sound reasons." *Id.*

Those reasons must be specifically set forth in the order. *Id.*; *see In re Davenport*, 522 S.W.3d 452, 456–56 (Tex. 2017) (orig. proceeding). In other words, trial courts are required to provide litigants with "an understandable, reasonably specific explanation" for

5

setting aside a jury verdict and ordering a new trial. *In re Bent*, 487 S.W.3d 170, 173 (Tex. 2016) (orig. proceeding) (quoting *In re Columbia Med. Ctr.*, 290 S.W.3d at 213). Trial courts must do so because:

> [A] vague explanation in setting aside a jury verdict does not enhance respect for the judiciary or the rule of law, detracts from transparency we strive to achieve in our legal system, and does not sufficiently respect the reasonable expectations of parties and the public when a lawsuit is tried to a jury. Parties and the public generally expect that a trial followed by a jury verdict will close the trial process. Those expectations may be overly optimistic, practically speaking, but the parties and public are entitled to an understandable, reasonably specific explanation why their expectations are frustrated by a jury verdict being disregarded or set aside, the trial process being nullified, and the case having to be retried.

*In re Columbia Med. Ctr.*, 290 S.W.3d at 213. Generally, this requirement is satisfied when a trial court's stated reason is "a reason for which a new trial is legally appropriate" and "is specific enough to indicate that the trial court did not simply parrot a pro forma template, but rather derived the articulated reasons from the particular facts and circumstances of the case at hand." *In re Bent*, 487 S.W.3d at 173 (quoting *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 688–89 (Tex. 2012) (orig. proceeding)). The new trial order must show that it was granted "only after careful thought and for valid reasons." *In re Davenport*, 522 S.W.3d at 456 (quoting *In re United Scaffolding, Inc.*, 377 S.W.3d at 688). In this regard, granting a new trial "in the interests of justice and fairness" is not a sufficiently specific reason to grant a new trial, and such a generic rationale renders the new trial order facially invalid. *In re Columbia Med. Ctr.*, 290 S.W.3d at 206, 213; *see In re United Scaffolding, Inc.*, 377 S.W.3d at 689–90. Similarly, "the mere recitation of a legal standard, such as a statement that a finding is against the great weight and preponderance of the evidence, will not suffice." *In re United Scaffolding, Inc.*, 377 S.W.3d

6

at 689.

We may also look past the face of the new trial order to perform a merits-based review of the validity of the trial court's reasons for granting a new trial. *In re Rudolph Auto., LLC*, 674 S.W.3d at 300; *In re Bent*, 487 S.W.3d at 173. We do so because "[t]ransparency without accountability is meaningless." *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 758 (Tex. 2013) (orig. proceeding). The Texas Supreme Court has explained this review as follows:

> *Bent* provided an illustration of how the kinds of inadequacies that may require an appellate court to disregard a new-trial order can be distinct yet closely related. A reason might be theoretically plausible, but if it is devoid of reference to the evidence, it will be facially insufficient; orders that provide no basis for the parties and appellate courts to confirm that the court's determination was the result of careful assessment of the actual evidence in the case are conclusory. If the failure to invoke sufficient record support is because there is none, or because . . . the evidence in fact rebuts the stated reason, the deficiency is not merely facially insufficient but also relates to the merits. Such a merits-based deficiency suggests that the proffered reason is simply an error. And when a reason for a new trial appears to conflate a legal problem with an evidentiary one, the appellate court will likewise deem that reason inadequate because it fails on the merits. In *Bent*, for example, one of the new-trial order's reasons was inadequate because "the trial court never pinpoints the events or dates it believed triggered USAA's prompt-payment obligation." The court's explanation, we also said, "suggests a muddled legal- and factual-sufficiency evaluation of the evidence."

*In re Rudolph Auto., LLC*, 674 S.W.3d at 301 (internal citations omitted). "It is simply impermissible for the district court, no matter how strongly it disagrees, to substitute its own judgment for the jury's as a basis for a new trial." *Id.* at 307.

## IV.    ANALYSIS

In one issue, Lemus asserts in relevant part that the trial court abused its discretion by granting a new trial. Lemus requests that we direct the trial court to enter judgment on

7

the jury's verdict, or alternatively, direct it to vacate the new trial order and enter a new order that complies with the applicable law. In contrast, Lamb contends that the trial court acted within its discretion in granting a new trial, and that the new trial order was facially valid and supported by the record.

## A.     Waiver of Facial Validity Contention

Lemus argues that the new trial order is facially invalid; however, Lamb asserts that Lemus waived this argument because Lemus failed to object to the new trial order on that ground in the trial court proceedings. *See generally* Tex. R. App. P. 33.1(a). In support of this contention, Lamb notes that, at the hearing on Lemus's motion to set aside the new trial order, the trial court stated on the record that:

> [I]if there was a problem with the Court's written order granting the new trial, the defense didn't object to it or raise it. I think you've waived it if, in fact, there was any deficiency in the order, which doesn't go into any great detail. Now, it might behoove the plaintiff to go ahead and submit a new order with the reasons that I stated on the record.

We disagree that Lemus waived his objection regarding the facial validity of the new trial order. Lemus's motion for entry of judgment based on the verdict and motion to set aside the order granting a new trial specifically stated that the "new trial order is facially invalid" and included argument and authority in favor of this proposition. Further, at the hearing on Lemus's motion, his counsel verbally presented this argument to the trial court during the hearing *before* the trial court made the foregoing statement regarding waiver. Nevertheless, the trial court overruled Lemus's motion. We conclude that this issue has unequivocally been preserved for our review. *See id.*

8

**B. Facial Validity**

Lemus argues that the new trial order is facially invalid because it fails to include an analysis of the specific facts and circumstances of the case and fails to explain how the evidence, or lack thereof, undermines the jury's finding. The trial court's order states, in relevant part, that a new trial was warranted because the jury's verdict was against the great weight and preponderance of the evidence. This is a reason for which a new trial is legally appropriate. *See, e.g.*, *In re United Scaffolding*, 377 S.W.3d at 689. However, the "mere recitation of a legal standard, such as a statement that a finding is against the great weight and preponderance of the evidence, will not suffice." *Id.*; *see In re Bent*, 487 S.W.3d at 176. To be facially valid, an order granting a new trial based on factual insufficiency "must indicate that the trial judge considered the specific facts and circumstances of the case at hand and explain how the evidence (or lack of evidence) undermines the jury's findings." *In re United Scaffolding*, 377 S.W.3d at 689; *see In re Bent*, 487 S.W.3d at 176; *In re Cambell*, 577 S.W.3d 293, 298 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding). The trial court's order here did not do so.

Lamb argues, in essence, that this deficiency was remedied because his motion for new trial "goes into great detail about the evidence and is incorporated into the [trial court's order] by reference." We disagree. An order granting a new trial explaining only that it is granted for the reasons stated in a motion for new trial does not satisfy the requirement for the trial court to specifically set out *its* reasons for setting aside the jury's verdict and ordering a new trial. *See In re Bent*, 487 S.W.3d at 173; *In re Columbia Med. Ctr.*, 290 S.W.3d at 213. In short, a new trial order that merely incorporates the reasons

9

for a new trial that were provided by *the movant* does not satisfy the requirement for the *trial court* to show that it is granting a new trial only after careful thought and for valid reasons. *See In re Davenport*, 522 S.W.3d at 456; *In re United Scaffolding, Inc.*, 377 S.W.3d at 688. Instead, incorporating the reasons for granting a new trial by reference to another pleading indicates a mere *pro forma* approach to the new trial, or stated otherwise, merely rubber-stamps the reasons stated in the motion. *See In re Bent*, 487 S.W.3d at 173; *In re United Scaffolding, Inc.*, 377 S.W.3d at 688–89; *see also In re Simms*, No. 14-19-00541-CV, 2019 WL 3822171, at *2 (Tex. App.—Houston [14th Dist.] Aug. 15, 2019, orig. proceeding) (mem. op.) (per curiam) (rejecting the proposition that the trial court's verbally expressed reasons for granting a new trial made it unnecessary for the trial court to include those reasons in the new trial order).

Further, even if we were to conclude otherwise, Lamb's motion for new trial does not assert that the verdict was against the great weight and preponderance of the evidence. Rather, Lamb's motion is premised on alleged jury charge error, and the motion only tangentially discusses the evidence in support of that argument.[2] Specifically, Lamb's motion for new trial asserts that the first question in the jury charge amounted to "an improper instruction," and as such, Lamb "respectfully request[ed]" a new trial. Lamb explained:

> In the case before this Honorable Court, a determination of liability

---

[2] The trial court appears to have disagreed with Lamb's contention regarding charge error insofar as it struck that rationale from its order granting a new trial. At the charge conference, Lamb's counsel asserted that Lemus's proposed charge was not timely filed; however, when reviewing the proposed charge, Lamb's counsel informed the trial court and opposing counsel that "I think it's okay." The trial court then stated, without contradiction, that "I'm going to assume, then, that [Lamb] has no objections to [the] charge." We note that when reviewing the sufficiency of evidence, "[o]ur review is restricted to the jury charge as submitted when there was no objection to the instruction." *Seger v. Yorkshire Ins.*, 503 S.W.3d 388, 407 (Tex. 2016).

was a contested, critical issue. Given the fact that [Lamb's] testimony, [his] Mother's testimony and by the Affidavits establishing the necessity and cost of the treatment received and Business Records were timely filed by [Lamb], and **no controverting affidavits were ever filed by the Defense**, the causation question was already answered. As such the Jury Charge Question Number 1 was an improper instruction, and as such, [Lamb] respectfully requests that the Court Set Aside the Jury Verdict and Grant [Lamb's] Motion for a New Trial.

. . . .

In this case, the liability question was not separated from the damages portion of the Jury Charge utilized. This served to confuse the Jury's charge as causation had already been established by virtue of [Lamb's] timely filed Affidavits of Cost and Necessity of Service and Business Records properly admitted. Again, [Lemus] filed no controverting affidavits. In this case the liability portion of the Jury Charge employed by the Court was a controlling issue before reaching any determination regarding damages.

. . . .

In the case before this Honorable Court, the liability and damages questions were not separated despite testimony from [Lamb], [Lamb's] Mother, and by [Lamb's] timely filed Affidavits of Cost and Necessity of Services, and Business Records. As such, [Lamb was] highly prejudiced by the Jury Charge as submitted to the Jury. As was relayed by Juror #6, the Jury all concluded that [Lemus] was at fault, and therefore should have answered accordingly before addressing the Questions regarding damages, including with regard to the damages supported by [Lamb's] testimony, [his mother's] testimony, as well as by [Lamb's] timely filed Affidavits of Cost and Necessity of Service and Business Records.

. . . .

In the case at Bar, both [Lamb] and witness, [Lamb's mother], testified that [Lamb] had never suffered from headaches or cervical issues before the occurrence, which is the subject matter of this lawsuit. It was only after this crash that [Lamb] was diagnosed with daily migraine headaches and cervical herniations. The testimony of Officer Adame established that [Lemus] caused the wreck.

Thus, contrary to Lamb's assertions in this original proceeding, his motion for new trial

11

does not explain how the jury's verdict was against the great weight and preponderance of the evidence by explaining how the evidence, or lack of evidence, undermines the jury's verdict. *See In re Rudolph Auto., LLC*, 674 S.W.3d at 300; *In re United Scaffolding*, *Inc.*, 377 S.W.3d at 689. Rather, Lamb references only a narrow slice of the evidence adduced at trial, addressing only his medical records, the testimony he and his mother presented regarding the lack of any pre-existing injury, and Officer Adame's testimony that Lemus "caused the wreck" to assert that there was error in the jury charge.

We do not consider that Lemus's sparse mention of the evidence to be a "cogent and reasonably specific explanation" regarding why the evidence was factually insufficient to support the jury's verdict. *In re United Scaffolding*, Inc., 377 S.W.3d at 688; *see In re Columbia Med. Ctr.,* 290 S.W.3d at 213. Thus, even if we were to accept Lamb's contention that we should refer to his motion for new trial to supply the explanation for the trial court's order granting the new trial, a proposition which we have rejected, his explanation would not suffice.

Based on the foregoing, we conclude that the trial court's stated rationale for ordering a new trial fails to meet the requirements for a new trial order as delineated by the Texas Supreme Court. *See In re United Scaffolding*, Inc., 377 S.W.3d at 688; *In re Columbia Med. Ctr.*, 290 S.W.3d at 213. We sustain Lemus's issue to the extent that he contends that the new trial order is facially invalid.

## C. Merits Review

Lemus contends, however, that not only is the new trial order facially invalid, but that it also fails on its merits. In general, when appellate courts conclude that a new trial

order is facially invalid, they do not proceed to address the merits of the order before allowing the trial court an opportunity to provide a sufficient explanation for its ruling. *See In re Bent*, 487 S.W.3d at 180 ("Because we conclude the trial court's explanation did not meet *Columbia* and *United Scaffolding*'s facial requirements, we need not determine if the trial court's rationale is supported by the record."); *In re Columbia Med. Ctr.*, 290 S.W.3d at 214) ("The trial court has not stated its specific grounds for refusing to enter judgment on the jury verdict and granting a new trial. Thus, we decline to consider whether mandamus relief is available as to the trial court's action in disregarding the jury verdict."). Without a sufficient explanation, we "can only speculate about why the court ostensibly circumvented a critical constitutional right." *In re Toyota Motor Sales*, 407 S.W.3d at 749. Further, "[t]he trial court's failure to properly state why it granted a new trial does not mandate a conclusion that it did not have a valid reason for doing so." *In re United Scaffolding*, 377 S.W.3d at 690; *see also, e.g.*, *In re Sanchez*, No. 01-23-00309-CV, 2024 WL 2061673, at *6 (Tex. App.—Houston [1st Dist.] May 9, 2024, orig. proceeding) (mem. op.) (granting mandamus relief as to facial insufficiency but denying relator's request to direct the trial court to render judgment on the verdict "[b]ecause the basis of the trial court's order setting aside the jury's verdict and ordering a new trial is unclear"); *In re Cash*, No. 03-20-00062-CV, 2020 WL 1881037, at *1 (Tex. App.—Austin Apr. 16, 2020, orig. proceeding) (mem. op.) ("declin[ing] to extend mandamus review of an order granting [a] new trial to include a merits review of the evidence underlying a facially invalid order" where the order stated only that the verdict was "against the great weight and preponderance of the evidence and manifestly unjust"); *In re Torres*, No. 13-20-00019-

13

CV, 2020 WL 1615667, at *4 (Tex. App.—Corpus Christi–Edinburg Apr. 2, 2020, orig. proceeding) (mem. op.) (concluding that a new trial order based on factual insufficiency was facially invalid and declining to proceed with a merits-based review*); In re Tex. Farm Bureau Mut. Ins.*, No 01-19-00742-CV, 2020 WL 573249, at *4 (Tex. App.—Houston [1st Dist.] Feb. 6, 2020, orig. proceeding) (mem. op.) ("The remedy for a facially invalid order is a remand to the trial court, which then has the option to deny the motion for new trial or to sign an order that comports with Texas law."). We note; however, that under certain circumstances, merits review may be possible even if the new trial order fails to be facially valid. *See, e.g.*, *In re Orren*, 533 S.W.3d 926, 933 (Tex. App.—Tyler 2017, orig. proceeding) (concluding that a new trial order was facially invalid because it provided a reason that was "contrary to Texas law" and that review on the merits showed that "the record does not support the trial court's rationale for ordering a new trial"); *see also In re Esters*, No. 12-17-00122-CV, 2017 WL 4675368, at *3–4 (Tex. App.—Tyler Oct. 18, 2017, orig. proceeding) (mem. op.) (concluding that a new trial order providing a "muddled" factual and legal sufficiency review of the evidence was "not facially valid" but that, in any event, "the record does not support the trial court's rationale for ordering a new trial").

Under the circumstances presented here, where the stated reason for the trial court's ruling is legally appropriate, but the order is nevertheless facially invalid because it fails to include a sufficient explanation, we conclude that a review of the merits would be premature. Accordingly, to the extent that Lemus requests merits review and seeks rendition of judgment, we deny his petition for writ of mandamus without prejudice.

## V.    CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, Lamb's response, and Lemus's reply, is of the opinion that Lemus has met his burden to obtain mandamus relief as discussed herein. Accordingly, we conditionally grant the petition for writ of mandamus, in part, and we direct the trial court to vacate its order of October 9, 2024, and to either enter a new trial order in accordance with the foregoing law or enter judgment on the jury's verdict. We deny the petition for writ of mandamus in part, without prejudice, to the extent that Lemus has requested that we direct the trial court to enter judgment on the verdict. We deny Lemus's request that we assess costs of court against Lamb. Our writ will issue only if the trial court fails to act in accordance with this memorandum opinion.

YSMAEL D. FONSECA
Justice

Delivered and filed on the
20th day of June, 2025.

15