Milton BURTON, Appellant,

v.

R.E. HABLE COMPANY, Appellee.

No. 12–90–00334–CV.

Court of Appeals of Texas, Tyler.

April 28, 1993.

**746**

Thomas Reardon, Jr., Otis Carroll, Tyler, for appellant.

Thomas H. Buchanan, Tyler, for appellee.

HOLCOMB, Justice.

This is an appeal from a judgment denying a motion for new trial which Appellant had filed based on the failure of a juror to answer a "material" question during voir dire and the denial of two challenges for cause. We will affirm the trial court.

The underlying cause of action was a "dart out" case where a boy had been killed by a dump truck. After the trial, Appellant discovered that one of the jurors had not answered a question during voir dire that would have indicated he had driven dump trucks. At the hearing on the motion for new trial, Appellant claimed that the strategy during voir dire was to identify and eliminate any veniremen that had driven dump trucks or other such heavy vehicles. To that end the Appellant asked the venire:

Is there anybody here or anybody close to you ever driven a dump truck or a large commercial truck? [1]

Five veniremen responded and were asked further, individual questions to develop their responses. After questioning these veniremen, Appellant asked the venire questions on other subjects. The Statement of Facts from the voir dire does not show if anyone else may have responded and Appellant just failed to ask any questions of them; Appellant did not check the venire to be sure no one was overlooked. During the hearing on the motion for new trial juror James Johnston said that he did not answer because he misunderstood the question.

Appellant now brings three points of error: (1) that it was error to deny the motion for new trial based on juror Johnston's erroneous or incorrect answer during voir dire, (2) that it was error to deny the challenge for cause of juror Alton, and (3) for juror Johnson.

■ As a preliminary matter we must determine if Johnston's admission is properly in the record for review. During the hearing, Appellee objected to the admission of the testimony as an attempt to supplement the record of voir dire by means other than a bill of exceptions or a bystanders bill. He further argued that TEXAS RULE OF CIVIL PROCEDURE 327 allowed only evidence of juror misconduct to be heard on a motion for new trial. Rule 327 may be structured as follows:

When the ground for a motion for new trial, supported by affidavit, is,
(1) misconduct
  (a) of the jury or
  (b) of the officer in charge of them, or
(2) because of any communication made to the jury, or
(3) *that a juror gave an*
  *(a) erroneous or*
  *(b) incorrect answer on voir dire examination,* the court shall hear evidence thereof *from the jury or others*

in open court, *and may grant a new trial if*

(4) such misconduct proved, or

(5) the communication made, or

(6) *the*

(a) *erroneous or*

(b) *incorrect answer on voir dire examination, be material, and* if it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that *injury probably resulted* to the complaining party.

TEX.R.CIV.P. 327(a) (paragraphs and emphasis added). Our analysis of Rule 327 compels us to disagree with Appellee and find that the evidence that juror Johnston did not respond to the question was properly introduced and that it is before this court. As shown above, misconduct is not an element of an inquiry into a juror's erroneous or incorrect answer to a question. Thus the failure to respond correctly amounted to an incorrect or erroneous "answer" to the question by indicating to the Appellant that he was not nor had been a truck driver.

██ The next inquiry is to determine if the answer is "material." If an erroneous or incorrect answer to a question would cause the venireman to be disqualified then the answer is *per se* material. TEX.GOV'T CODE ANN. § 62.105 (Vernon Supp.1993).[2] If the question had been properly answered it, alone, would not have been grounds to challenge Johnston for cause. Thus we must look at the record during voir dire to determine if the materiality of the question is apparent from the context. *Babcock v. Northwest Memorial Hosp.*, 767 S.W.2d 705, 708 (Tex.1989); TEX.R.APP.P. 52(a). This analysis is primarily designed to prevent a party from taking his chances on a favorable verdict and obtaining a new trial on an irregularity that, post-trial, is more important that it was pre-trial. *See Pouncy v. Garner*, 626 S.W.2d 337, 340 (Tex. App.—Tyler 1981, writ ref'd n.r.e.).

In response to Appellant's question, five veniremen answered that they had driven trucks or had close friends that drove big trucks. Appellant took the following action as to these five jurors: the one that had a driver as a friend sat on the jury (Rodriguez); one that said he had once driven a dump truck when doing work on his own home, that his brother had occasional ties to Hable through the state Highway Department, and that he knew the accident scene and could not award high damages for a child was excused for cause (McClellan); one that had driven dump trucks twenty years before said he did not think it would be easy to find damages in excess of a million dollars was challenged for cause on the damages issue and was struck peremptorily when the challenge for cause was denied (Johnson); one that currently drove a concrete truck was struck peremptorily (Yarbrough); and, the last one that drove 2½ ton cargo trucks in the National Guard sat on the jury (Thompson). Of the struck jurors, Yarbrough was the only one that made his living as a truck driver, the others, Johnson and McClellan, were not so directly connected to driving. Juror Johnston, the subject of this point of error, had been a dump truck driver in the active Army and he had been in charge of other dump truck drivers. We fail to see how an Army 2½ Ton cargo truck and an Army 2½ Ton dump truck are so materially different that the failure to answer the question by Johnston makes him any different from Thompson who sat on the jury. We can not say from this that the Transcript or the Statement of Facts from voir dire clearly show that this question was material to Appellant. The pattern of strikes does not seem to be oriented on *having driven* commercial trucks but on the jurors' problems with the ability to find a full range of damages or a juror currently driving trucks.

In the motion for new trial Appellants argued that they did not want any heavy truck drivers on the petit jury. Yet Yarbrough was the only driver Appellant

2. The amendment to the statute by Acts 1991, 72d Leg., ch. 561, § 23, eff. Aug. 26, 1991 is not

material to this case.

struck for that reason. The other drivers were either allowed to sit or were challenged for other reasons. Since the evidence did not show that the question was material as a matter of law, it was an issue of fact for the trial court to determine. In overruling the motion for new trial the trial court impliedly found that Appellant had not shown the question to be material and the failure to answer resulted in injury. *The Swan Shop v. Fortune*, 365 S.W.2d 151, 154 (Tex.1963); *Lewis v. Yaggi*, 584 S.W.2d 487, 492 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.). In view of the implied finding, we must consider the evidence in the light most favorable to upholding that ruling. *Lewis v. Yaggi* at 492. As we have stated, the issue of whether the question was material to Appellant during voir dire is not clearly established and the trial court had the discretion to make the determination. Therefore, we find no error in the trial court's refusal to grant the motion for new trial. Point of error one is overruled.

By his second and third points of error, Appellant complains of the denial of individual challenges for cause of two veniremen. As with any point of error this court must determine if the error has been preserved for appellate review. TEX. R.APP.P. 52. To preserve error for the failure to remove a disqualified juror, Appellant must first point out to the trial court that all of the peremptory strikes will be used and that one, or more, jurors will remain on the petit jury that are otherwise objectionable, and second, before the strike lists are given to the court, the party must request additional strikes. *Hallett v. Houston Northwest Medical Center*, 689 S.W.2d 888 (Tex.1985). Appellant did neither and has failed to preserve error, there is nothing for this court to review; points of error two and three are overruled.

The judgment of the trial court is affirmed.

RAMEY, C.J., not participating.