# IN THE SUPREME COURT OF TEXAS

―――――――
No. 11-0037
―――――――

IN RE WHATABURGER RESTAURANTS LP

―――――――――――――――――――――――――
ON PETITION FOR WRIT OF MANDAMUS
―――――――――――――――――――――――――

**PER CURIAM**

The trial court in this case granted the plaintiffs' motion for new trial based on a juror's failure to disclose information during voir dire, even though there was no evidence that the nondisclosure probably caused injury. The defendant, Relator Whataburger Restaurants LP, filed a petition for writ of mandamus in the court of appeals, and the court of appeals denied the petition. Whataburger now seeks mandamus review in this Court. We conditionally grant the petition and order the trial court to withdraw its new trial order and render judgment on the jury's verdict.

This case arises from a premises liability suit that Jose Acuna and others (collectively Acuna) filed against Whataburger for injuries sustained in a fight outside of its restaurant in El Paso. The jury selection process included a written questionnaire that inquired whether the potential jurors had "ever been a party to a lawsuit." Four of seventy-five potential jurors disclosed that they had previously been defendants in a lawsuit. Acuna's attorney did not ask any of these four jurors questions about their prior lawsuits and did not challenge or exercise peremptory strikes against them. Whataburger exercised strikes against two of them. One of the remaining two, Albert

Villalva, was seated on the jury, and neither party questioned, challenged, or struck him even though he had disclosed that he had been a defendant in a prior lawsuit.

The jury rendered a 10-2 verdict in favor of Whataburger, and the trial court entered a final take-nothing judgment based on the jury's verdict. After investigating the jurors, Acuna filed a motion for new trial in which he asserted that one of the ten majority jurors, Georgina Chavez, had committed misconduct by failing to disclose in her questionnaire that she had been a defendant in two prior credit card collection suits and a bankruptcy action. During the hearing on the motion for new trial, Chavez testified that she mistakenly failed to disclose the suits because she never went before a judge in those cases, that her failure to disclose the suits was "an honest mistake," and that the suits simply slipped her mind. She also testified that, if she had understood the questionnaire, she would have disclosed her involvement in those suits. The trial court found that Chavez did not complete her juror questionnaire correctly, that the mistake was material, and that it resulted in probable injury. The court granted Acuna's motion for new trial on the ground that Acuna was denied the opportunity to question or strike Chavez in light of the missing information.

In *In re Toyota Motor Sales, U.S.A., Inc.*, we held that an appellate court may conduct a merits-based mandamus review of a trial court's articulated reasons for granting a new trial. 407 S.W.3d 746, 755–59 (Tex. 2013). A writ of mandamus shall issue to correct a clear abuse of discretion committed by a trial court in granting a new trial. *Id.* at 762. A trial court does not abuse its discretion so long as its stated reason for granting a new trial is legally appropriate and specific enough to indicate that the trial court derived the reasons from the particular facts and circumstances of the case at hand. *Id.* (citing *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 688–89 (Tex. 2012)).

2

"To warrant a new trial for jury misconduct, the movant must establish (1) that the misconduct occurred, (2) it was material, and (3) probably caused injury." *Golden Eagle Archery v. Jackson*, 24 S.W.3d 362, 372 (Tex. 2000); TEX. R. CIV. P. 327(a). "The complaining party has the burden to prove all three elements before a new trial can be granted." *Redinger v. Living, Inc.*, 689 S.W.2d 415, 419 (Tex. 1985) (citing *Fountain v. Ferguson*, 441 S.W.2d 506 (Tex. 1969)). Whether misconduct occurred and caused injury is a question of fact. *Golden Eagle Archery*, 24 S.W.3d at 372 (citing *Pharo v. Chambers Cnty.*, 922 S.W.2d 945, 948 (Tex. 1996)).

In this case, the trial court could have found that Chavez engaged in misconduct by failing to disclose her previous lawsuits, but there is no evidence that such conduct resulted in probable injury.[1] Our rules provide that a trial court "may" grant a new trial based on juror misconduct if "it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party." TEX. R. CIV. P. 327(a). In *Redinger*, we explained that there is no showing of a probable injury when the evidence is such that, even without the misconduct, the jury would in all probability have rendered the same verdict that it rendered with the misconduct. 689 S.W.2d at 419 (citing *Mrs. Baird's Bread Co. v. Hearn*, 157 Tex. 159, 300 S.W.2d 646, 649 (1957), and *Fountain v. Ferguson*, 441 S.W.2d 506, 508

---

[1] We agree with the courts that have held that a juror's failure to disclose information that establishes that the juror is legally disqualified from serving on the jury is per se material. *See, e.g.*, *Burton v. R.E. Hable Co.*, 852 S.W.2d 745, 747 (Tex. App.—Tyler 1993, no pet.) ("If an erroneous or incorrect answer to a questions would cause the venireman to be disqualified then the answer is *per se* material."). In this case, however, the fact that Chavez had been a defendant in prior cases did not disqualify her as a matter of law. *See* TEX. GOV'T CODE § 62.105 (listing bases for legal disqualification of jurors). When the nondisclosure is not per se material, courts must determine the materiality in light of the context as reflected in the record. *See Burton*, 852 S.W.2d at 747 (citing *Babcock v. Nw. Mem'l Hosp.*, 767 S.W.2d 705, 708 (Tex. 1989)). Since we find no evidence that Chavez's nondisclosure resulted in probably injury, however, we need not decide whether the nondisclosure was material.

(Tex. 1969)). Under this standard, we find no evidence that Chavez's failure to disclose that she was a defendant in prior lawsuits probably caused Acuna injury.

In an effort to meet Acuna's burden, Acuna's attorney testified that, if Chavez had disclosed that she had been a defendant in prior lawsuits, he would have questioned her about those suits and would have struck her as a juror. Generally, such testimony about what a person "would have" done or what "would have" happened under different circumstances is speculative and conclusory in the absence of some evidentiary support. *See In re Ethyl Corp.*, 975 S.W.2d 606, 618–19 (Tex. 1998) (holding that attorney's unsupported testimony that consolidated trial "would be fair and impartial" was "conclusory and entitled to no consideration"); *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 50 (Tex. 1998) (damages based on profits that would have been earned if a hypothetical bid would have been accepted are speculative because there is no evidence that party would have been awarded the project); *Szczepanik v. First S. Trust Co.*, 883 S.W.2d 648, 650 (Tex. 1994) (holding that testimony that company "could have expected" future income was "without any evidentiary foundation and therefore, is purely speculative and conclusory"). Here, Acuna provided no evidence to support his attorney's speculation as to what he "would have" done, and the evidence of what the attorney actually did supports a contrary conclusion.

Although four jurors disclosed that they had each been a defendant in a prior lawsuit, Acuna's attorney did not question, challenge, or strike any of them, and one of them was seated on the jury and joined in the majority verdict. *See, e.g.*, *Burton*, 852 S.W.2d at 747 (finding that the pattern of strikes and the seated jury did not indicate materiality of the erroneous juror response). Acuna provided no evidence to suggest that Chavez or her prior experience as a defendant in a

4

lawsuit was in some way meaningfully different than the other prospective jurors' experiences, and Acuna's attorney's failure to question or strike those jurors contradicts his conclusory claim that he "would have" questioned or struck Chavez. Because the record contains no competent evidence that Chavez's nondisclosure resulted in probable injury, and the only competent evidence supports that it did not, the trial court abused its discretion in granting a new trial.

Because we hold that the trial court abused its discretion in granting a new trial, we conditionally grant relief and order the trial court to withdraw its order and render judgment on the verdict. We are confident the trial court will comply, and the writ will issue only if it does not.

OPINION DELIVERED: April 25, 2014