**Petition for Writ of Mandamus Denied and Majority and Dissenting Opinions filed February 13, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00699-CV

---

## IN RE MARK ATHANS, OMAR MARTINEZ AND PRESTIGE SURGICAL ASSISTANTS, LLC, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**80th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-05129**

---

## D I S S E N T I N G   O P I N I O N

My colleagues hold that whenever a relator seeks a merits-based mandamus review of any order granting a new trial based on the factual insufficiency of the evidence, the relator must file "all of the trial evidence." *Ante*, at 3. If the relator does not, its petition will be denied "without prejudice" to briefing the entire mandamus proceeding all over again based on the complete record. *Id.* at 7.

Because this waste of judicial and party resources is not supported by either rule or precedent, I respectfully dissent.

Real party in interest American Surgical Assistants, Inc. (ASA) sued relators Mark Athans, Omar Martinez, and Prestige Surgical Assistants, LLC for causes of action including breach of fiduciary duty and aiding and abetting such a breach. At trial, the jury failed to find a breach and thus did not answer the question regarding aiding-and-abetting liability. The trial court granted ASA a new trial on three grounds: (1) the jury's "No" answers to the breach of fiduciary duty questions were against the great weight and preponderance of the evidence; (2) the jury should have been instructed on the meaning of the term "solicit" in the charge, which is a question of law; and (3) defense counsel violated the trial court's instructions not to discuss the details of the evidence or argue the case at the voir dire stage.

In support of their mandamus petition challenging this order, relators filed a record that included a reporter's record of all trial proceedings but omitted the exhibits that were admitted into evidence at trial. Relators and ASA also filed a lengthy petition, response, and reply that addressed the merits of whether the jury's failures to find a breach of fiduciary duty were against the great weight and preponderance of the evidence. Each of these filings included extensive citations to the reporter's record of the trial. At no time did any party identify any particular exhibit that it contended was relevant or material to the question whether the jury's verdict on breach of fiduciary duty was against the great weight and preponderance of the evidence. Rather, ASA simply argued that without the entire trial record, this Court cannot determine whether the trial court's holding regarding the great weight and preponderance of the evidence is incorrect.

This argument is contrary to our rules governing mandamus records. In the mandamus context, courts do not presume that missing portions of a record support

2

the trial court's order. *Progressive Ins. Cos. v. Hartman*, 788 S.W.2d 424, 427 (Tex. App.—Dallas 1990, orig. proceeding) (Baker, J.); *see also In re 24R, Inc.*, 324 S.W.3d 564, 568 (Tex. 2010) (per curiam) (orig. proceeding) (holding "without merit" an argument that the relator had "waived its right to mandamus relief because it did not file a complete transcript from proceedings in the trial court"). Rather, a relator is required to file only "document[s] . . . *material* to the relator's claim for relief" and "a properly authenticated transcript of any *relevant* testimony from any underlying proceeding, including any exhibits offered in evidence." Tex. R. App. P. 52.7(a) (emphasis added). Here, there is no indication that any particular missing exhibit is either relevant or material in determining whether the jury's findings on breach of fiduciary duty are against the great weight and preponderance of the evidence.

Accordingly, the only possible basis for this Court's denial of relators' mandamus petition is the general notion that the complete record must always be relevant in conducting a merits-based mandamus review of a new trial order. But that very notion recently failed to carry the day in the Supreme Court of Texas. In *In re Whataburger Restaurants LP*, 429 S.W.3d 597 (Tex. 2014) (orig. proceeding) (per curiam), the court considered a mandamus petition challenging an order granting new trial based on a juror's failure to disclose information during voir dire. In briefing the case, the real party in interest correctly pointed out that the rules require a review of the whole record to determine whether juror misconduct warrants a new trial, *see* Tex. R. Civ. P. 327, and it argued that the mandamus petition must be denied because the court did not have the entire record of the trial before it.[1] The relator did not dispute that the whole record had not been filed, arguing instead that the missing portions were not relevant under Rule 52.7(a) and

---

[1] *See* Real Parties' Br. on Merits at vii–ix, 3–4, *In re Whataburger Restaurants LP*, 429 S.W.3d 597 (Tex. 2014) (No. 11–0037), 2011 WL 8584401.

that the real party had not identified any item omitted from the record that supported the order.[2] The supreme court did not deny the petition based on an insufficient record. Instead, without expressly addressing the record issue, the court examined the record that was before it and granted the petition after concluding that "we find no evidence that [the juror's] failure to disclose that she was a defendant in prior lawsuits probably caused [the plaintiff] injury." *In re Whataburger Restaurants LP*, 429 S.W.3d at 599.

This result is sound because it is consistent with the mandamus rules' refusal to presume that a missing item supports the order, and it recognizes that the parties can most efficiently determine whether all items relevant and material to a mandamus petition are before the appellate court. Unlike in an ordinary appeal, a relator files both its mandamus petition and record at the very beginning of the proceeding. *See* Tex. R. App. P. 52.1, 52.7(a). The real party, having lived with the case and reviewed the particular arguments raised in the relator's petition, will certainly be in a better position than the appellate court to determine whether a relevant or material item has been omitted from the record. In this way, a mandamus petition is analogous to a partial-record appeal, in which the appellant files an early statement of the issues presented and requests a partial reporter's record addressing those issues, while other parties may designate additions to that record. *See* Tex. R. App. P. 34.6(c). If the real party in a mandamus proceeding believes a relevant or material item has been omitted from the record, it may either explain why the omitted item is relevant or material, or it may supplement the record to include the omitted item. *See* Tex. R. App. P. 52.7(a), (b). But if—as here—it chooses to do neither, it may not complain if the court proceeds to decide the petition on the existing record.

---

[2] Relator's Reply Br. on Merits at 10–11, *In re Whataburger Restaurants LP*, 429 S.W.3d 597 (Tex. 2014) (No. 11–0037), 2011 WL 8584402.

Under this interpretation of the mandamus rules, relator's record is sufficient. As our Court recently recognized, "there is no defect with relator's record that affects our consideration of [his] petition" when the real party "does not argue . . . [missing] documents establish any material facts not otherwise admitted by the parties . . . ." *In re Stern*, 436 S.W.3d 41, 45 n.1 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding). Here, ASA does not argue that the missing exhibits establish any relevant or material facts beyond those discussed by the witnesses at trial or otherwise contained in the record before us. Moreover, the trial court's order granting a new trial on three grounds suggests that any missing exhibits are not relevant or material to our review of any of the grounds. To support its holding that the jury's verdict on breach of fiduciary duty was against the great weight and preponderance of the evidence, the trial court pointed specifically to "[t]he testimony of witnesses Mark Athans, Monica Ellington, Omar Martinez, and Eleazar Flores"—all of which is in the record before us. As to whether the lack of a definition of the term "solicit" confused the jury, the trial court noted the different definitions "argued to the jury during closing argument," a transcript of which appears in the mandamus record. Finally, the trial court held that defense counsel violated the court's instructions at the voir dire stage, and our record likewise contains a transcript of the voir dire.

The majority opinion argues that under *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex. 1998), "relators *must* provide" and "we *must* consider . . . all of the trial evidence" in reviewing a trial court's factual insufficiency ruling. *Ante*, at 3, 5. To the contrary, the appellate rules dictate the extent of the record that parties must provide and courts must consider. In the context of a partial-record appeal, for example, "an appellant need not file a complete reporter's record to preserve legal or factual sufficiency issues." *Bennett*

5

*v. Cochran*, 96 S.W.3d 227, 228 (Tex. 2002) (per curiam) (citing Tex. R. App. P. 34.6(c)(4)). This conclusion is consistent with common experience: in many cases, substantial portions of the trial court proceedings will not be relevant to a particular issue on which the factual sufficiency of the evidence is challenged, and it would be a waste of resources to include these irrelevant portions in the record. Given this reality, as well as the supreme court's consistent mandate to interpret our rules in a common-sense manner that furthers resolution of cases on the merits,[3] we should not interpret the relevance and materiality requirements of Rule 52.7 to require relators to file a complete trial record in every single case in which a new trial has been granted based on factual insufficiency of the evidence.

For these reasons, we should decide this petition on the merits, not deny it based on an insufficient record. Our recent decision in *In re Wyatt Field Service Co.*, No. 14–13–00811–CV, 2013 WL 6506749 (Tex. App.—Houston [14th Dist.] Dec. 10, 2013, orig. proceeding), is not to the contrary. There, we applied Texas Rule of Appellate Procedure 52.7 to the facts of the case and concluded that because the mandamus record "does not include the testimony of all the witnesses, any of the trial exhibits, or opening and closing arguments," we could not determine whether the trial court abused its discretion in granting a new trial on the particular grounds it did. *Id.* at *3. The record and grounds are different in the case before us, and there is no basis for concluding that any item missing from our record is relevant or material to our review of the new trial grounds as explained above. Moreover, we did not adopt a blanket holding in *Wyatt*—as my colleagues do here—that it is always necessary to have a complete trial record to conduct a

---

[3] *E.g., Thota v. Young*, 366 S.W.3d 678, 690 (Tex. 2012) ("[W]e have long favored a common sense application of our procedural rules that serves the purpose of the rules, rather than a technical application that rigidly promotes form over substance."); *Bennett*, 96 S.W.3d at 230 ("Our appellate rules are designed to further the resolution of appeals on the merits," and "[w]e will interpret these rules, when possible, to achieve that aim.").

merits-based review of an order granting a new trial based on the factual insufficiency of the evidence.  *See ante*, at 3.  Because I conclude that this holding is not supported by rules, precedent, or sound policy, I respectfully dissent.



/s/        J. Brett Busby
Justice


Panel consists of Chief Justice Frost and Justices Christopher and Busby (Frost, C.J., majority).

7