

# NUMBER 13-18-00447-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE TEXAS FUELING SERVICES, INC. AND DEWITT GREEN III

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion by Chief Justice Valdez[1]**

Relators Texas Fueling Services, Inc. and Dewitt Green III filed a petition for writ of mandamus in the above cause on August 14, 2018. Through this original proceeding, relators seek to compel the trial court to vacate its April 11, 2018 order granting a new trial in favor of real party in interest Tiffany Dawn Davis.[2] In its new trial order, the trial

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This petition for writ of mandamus arises from trial court cause number 2016-CCV-62781-4 in County Court at Law No. 4 of Nueces County, Texas and the respondent is the Honorable Mark H. Woerner. *See* TEX. R. APP. P. 52.2. This is the second original proceeding arising from this same ruling. *See In re*

court concluded that "one juror answered specific and direct questions asked during voir dire and on her juror information card untruthfully, erroneously, and incompletely," and "[b]ased upon the Court's review of the entire record and the context in which the misconduct occurred, the Court finds that the juror's misconduct was material and probably resulted in injury to the Plaintiff." Relators contend that the trial court abused its discretion because it based its decision on hearsay and inadmissible evidence regarding the jurors' deliberations and because Davis failed to show probable harm from the misconduct.

Mandamus is an extraordinary remedy. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). The relator bears the burden of proving these requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d at 302; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

---

Tex. Fueling Servs., Inc., No. 13-18-00311-CV, 2018 WL 3386356, at *1–3 (Tex. App.—Corpus Christi July 12, 2018, orig. proceeding) (mem. op.).

A writ of mandamus will issue to correct a clear abuse of discretion committed by a trial court in granting a new trial. *In re Whataburger Rests. LP*, 429 S.W.3d 597, 598 (Tex. 2014) (orig. proceeding) (per curiam); *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 756–57 (Tex. 2013) (orig. proceeding); *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 688–89 (Tex. 2012) (orig. proceeding). A new trial order "cannot stand" when the "trial court's articulated reasons are not supported by the underlying record." *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d at 757.

The Court, having examined and fully considered the petition for writ of mandamus, the response, the reply, the record, and the applicable law, is of the opinion that relators have not met their burden to obtain relief. Bearing in mind the standard of review for the admissibility of evidence regarding juror misconduct and further considering that the trial court was the sole judge of the witnesses' credibility, we conclude that the trial court did not abuse its discretion in granting a new trial. *See* TEX. R. CIV. P. 327(a),(b); *In re Health Care Unlimited, Inc.*, 429 S.W.3d 600, 602 (Tex. 2014) (orig. proceeding); *Golden Eagle Archery v. Jackson*, 24 S.W.3d 362, 372 (Tex. 2000); *Pharo v. Chambers Cty.*, 922 S.W.2d 945, 950 (Tex. 1996); *Holland v. Loveless*, 352 S.W.3d 777, 783 (Tex. App.—Dallas 2011, pet. denied). Accordingly, we deny the petition for writ of mandamus and the relators' motion for stay.

<u>**/s/ Rogelio Valdez**</u>
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
11th day of September, 2018.

3