

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00246-CV

**IN RE** Alfredo **VERNIS HERNANDEZ** and Palos & Guzman Inc.

Original Mandamus Proceeding[1]

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Luz Elena D. Chapa, Justice
Liza A. Rodriguez, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: August 9, 2023

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relators Alfredo Vernis Hernandez and Palos & Guzman Inc. bring this original proceeding, arguing they are entitled to mandamus relief because the trial court abused its discretion by granting real-party-in-interest Matthew Alvarado's motion for new trial. We agree and conditionally grant the petition for a writ of mandamus.

## BACKGROUND

While driving his Dodge Ram 2500 pick-up and loaded trailer, Vernis Hernandez rear-ended Matthew Alvarado's Dodge Ram 1500. Alvarado sued Vernis Hernandez for negligence. After a trial, the jury concluded Vernis Hernandez was not negligent. Alvarado moved for a

---

[1] This proceeding arises out of Cause No. 2021-CI-02520, styled *Matthew L. Alvarado v. Alfredo V. Hernandez and Palos & Guzman Services, Inc.*, pending in the 37th Judicial District Court, Bexar County, Texas, the Honorable Norma Gonzales presiding.

judgment notwithstanding the verdict and for a new trial. The trial court denied the motion for judgment notwithstanding the verdict and granted a new trial. Vernis Hernandez moved for reconsideration, but the trial court refused to consider the motion. Vernis Hernandez then filed this petition for a writ of mandamus.

## STANDARD OF REVIEW

To be entitled to mandamus relief, a relator must show: (1) the trial court clearly abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Cap. Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). "In determining whether the trial court abused its discretion with respect to resolution of factual matters, we may not substitute our judgment for that of the trial court and may not disturb the trial court's decision unless it is shown to be arbitrary and unreasonable." *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (orig. proceeding). In other words, we must defer to the trial court's factual determinations if they are supported by the evidence, but we review de novo the trial court's legal determinations. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding).

## NEW TRIAL ORDERS

**A. Law**

A trial court's order granting a new trial is subject to review in a mandamus proceeding. *See In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 758 (Tex. 2013) (orig. proceeding); *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 688–89 (Tex. 2012) (orig. proceeding). "A writ of mandamus shall issue to correct a clear abuse of discretion committed by a trial court in granting

a new trial." *In re Whataburger Rests., LP*, 429 S.W.3d 597, 598 (Tex. 2014) (orig. proceeding) (citing *Toyota Motor Sales*, 407 S.W.3d at 762).

### 1. Facially Valid Reasoning

A trial court does not abuse its discretion if its stated reason for granting a new trial (1) is a legally appropriate and correct reason (such as a reason based on a well-defined legal standard or a defect that probably resulted in an improper verdict); and (2) is specific enough to indicate the trial court did not simply parrot a pro forma template. *See, e.g.*, *Toyota Motor Sales*, 407 S.W.3d at 759 ("Simply articulating understandable, reasonably specific, and legally appropriate reasons is not enough; the reasons must be valid and correct."); *United Scaffolding*, 377 S.W.3d at 688–89; *In re Munsch*, 614 S.W.3d 397, 400 (Tex. App.—Houston [14th Dist.] 2020) (orig. proceeding) ("The trial court's stated reason for granting a new trial must be a legally valid reason and must also be specific enough to show that the trial court did not simply parrot a pro forma template, but rather derived the articulated reason from the particular facts and circumstances of the case at hand."); *see* Tex. R. Civ. P. 320.

The trial court does not need to provide a "detailed catalogue" of the relevant evidence on the issue. *See United Scaffolding*, 377 S.W.3d at 688; *see, e.g.*, *In re Bent*, 487 S.W.3d 170, 176 (Tex. 2016) (orig. proceeding). And appellate courts should not focus on the "length or detail of the reasons a trial court gives, but on how well those reasons serve the general purpose of assuring the parties that the jury's decision was set aside only after careful thought and for valid reasons." *United Scaffolding*, 377 S.W.3d at 688. However, if liability turns on a specific event occurring on a specific date, something more than a vague reference to the facts is required. *Bent*, 487 S.W.3d at 179.

In *In re United Scaffolding*, the Texas Supreme Court explained a new trial order may warrant mandamus relief if, among other things, the order's stated reason: (1) "specific or not, is

not one for which a new trial is legally valid"; (2) "plainly state[s] that the trial court merely substituted its own judgment for the jury's"; (3) is based on discrimination or dislike of a party's lawyer; (4) "provides little or no insight into the judge's reasoning"; (5) merely recites "a legal standard such as a statement that a finding is against the great weight and preponderance of the evidence"; (6) fails to indicate the trial court "considered the specific facts and circumstances of the case at hand" or (7) fails to "explain how the evidence (or lack of evidence) undermines the jury's findings." 377 S.W.3d 685, 689 (Tex. 2012).

### 2. Merits Review

In addition to satisfying the foregoing facial requirements, appellate courts are empowered "to conduct a merits review of the bases for a new trial order and grant mandamus relief [i]f the record does not support the trial court's rationale for ordering a new trial." *Bent*, 487 S.W.3d at 173 (alteration in original) (internal quotation marks omitted); *See, e.g.*, *In re Whataburger Rests.*, 429 S.W.3d at 598 (citing *Toyota Motor Sales*, 407 S.W.3d at 755–59); *Munsch*, 614 S.W.3d at 400. A record does not support the trial court's rationale if it "squarely conflicts with the trial judge's expressed reasons for granting new trial." *Toyota Motor Sales*, 407 S.W.3d at 759.

### B. Facial Validity of New Trial Order

Vernis Hernandez argues the trial court's order is facially invalid because it failed to provide a reasonably specific justification based on an applicable legal standard for nullifying the jury verdict and does not cite any legal standard. Vernis Hernandez further contends the trial court cited some evidence it credited, but the evidence cited shows the trial court did not consider the specific facts and circumstances of the case or how such evidence undermined the verdict.

After the parties rested, the jury was instructed on negligence, ordinary care as defined in the negligence instruction, and proximate cause.[2] The jury was then asked to consider whether "the negligence, if any, of [Vernis Hernandez] proximately caused the occurrence in question." "No," the jury answered.

Alvarado moved for a new trial "and/or" a judgment non obstante veredicto. He argued the jury disregarded the negligence instruction and its decision was against the great weight and preponderance of the evidence overwhelmingly establishing negligence. Alvarado further contended the jury disregarded a driver's duty of care codified in Texas Transportation Code § 545.062(a).[3] Vernis Hernandez, he argued, acknowledged during his testimony he had a duty—as established in section 545.062(a)—and breached that duty. In opposition, Vernis Hernandez argued Alvarado was attempting to turn his negligence case into a case of negligence per se when (1) he did not plead a negligence per se cause of action, (2) did not request a negligence per se instruction, (3) Vernis Hernandez was not cited for a violation of section 545.062, (4) section 545.062 provides no guidance as to what would constitute negligence, and (5) courts have repeatedly held a violation of section 545.062 was not negligence per se but merely imposed on a driver a duty of reasonable care.

The trial court denied the judgment non obstante veredicto but granted a new trial, reasoning:

---

[2] The negligence instruction provides negligence is a "failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances." The proximate cause instruction provides proximate cause means "a cause that was a substantial factor in bringing about an occurrence, and without which cause such occurrence would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the occurrence, or some similar occurrence, might reasonably result therefrom. There may be more than one proximate cause of an occurrence."

[3] Subsection (a) of section 545.062 provides "[a]n operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway."

> In granting the Motion for New Trial, the Court notes, inter alia, the following factors: (1) Defendant Alfredo [Vernis] Hernandez admitted during his testimony that he did not allow himself enough room to stop his vehicle when Plaintiff braked given the speed at which he was traveling at the time of the rear-end accident; (2) Defendant Palos & Guzman Services, Inc.'s internal investigation concluded that the accident was avoidable; (3) Defendant [Vernis] Hernandez accepted responsibility for the accident; and (4) neither defendant presented any evidence to support any theory of excuse for Defendant [Vernis] Hernandez driving his vehicle into the rear of Plaintiff's vehicle. As a result, and considering the totality of the evidence presented, the Court finds that the jury's verdict should be set aside and that a new trial be granted.

Turning to whether the foregoing is facially invalid under the two-prong *United Scaffolding* test, the trial court's reasoning is plainly specific enough to indicate that the trial court did not simply parrot a pro forma template. *See United Scaffolding*, 377 S.W.3d at 688–89.

As to whether the trial court's reasoning is legally appropriate, the stated reasons focus on Vernis Hernandez's "admission" he did not allow enough room, his "acceptance" of responsibility for the accident, and his failure to present "any evidence" to support a "theory of excuse." In other words, the stated reasons imply there is no evidence to support the jury's verdict. However, when there is no evidence to support a jury's verdict, a trial court is empowered to grant a judgment notwithstanding the verdict. *See, e.g.*, *Gharda USA, Inc. v. Control Sols., Inc.*, 464 S.W.3d 338, 347 (Tex. 2015) ("We review a trial court's grant of a judgment notwithstanding the verdict under a no-evidence standard, examining whether any evidence supports the jury's findings."). Yet, Alvarado moved for a judgment notwithstanding the verdict, and the trial court denied the motion.[4] If there was no evidence, then the trial court should have granted judgment notwithstanding the verdict, and a new trial would therefore not be a legally appropriate reason. *See Bent*, 487 S.W.3d at 179 (concluding if trial court's stated reason that party conclusively established their claim were true, and the opposing party presented no contrary evidence, "judgment notwithstanding the

---

[4] Alvarado does not challenge the trial court's failure to grant the judgment non obstante veredicto.

verdict, not a new trial, was appropriate" and "the trial court has not articulated a reason for which a new trial is legally appropriate.").

Even if the trial court's stated reasons were legally appropriate, the trial court has a duty "to 'explain how the evidence (or lack of evidence) undermines the jury's findings.'" *Id.* (quoting *United Scaffolding*, 377 S.W.3d at 689). It did not do so. Liability here turns on a very specific issue—negligence—in connection with a very specific event—a rear-end collision. The trial court's stated reasons for granting a new trial are, instead, vague. *See id.* at 179. The trial court does not refer to the legal standards charged to the jury—negligence, ordinary care, or proximate causation. *See, e.g.*, *Toyota Motor Sales*, 407 S.W.3d at 759. Nor does it otherwise specifically identify how the jury failed to apply those standards. The first stated reason does not provide how Vernis Hernandez's admission establishes any facts undermining the jury's findings as to the rear-end collision.[5] *See United Scaffolding*, 377 S.W.3d at 689 ("The order must indicate that the trial judge considered the specific facts and circumstances of the case at hand and explain how the evidence (or lack of evidence) undermines the jury's findings.").

The other stated reasons are similarly vague and lack specific facts establishing how the evidence undermined the jury's findings. The second reason provides the internal investigation of Vernis Hernandez's employer concluded the accident was avoidable. However, the stated reason fails to connect how the avoidability of the accident undermines the jury's verdict of no negligence. The third reason notes Vernis Hernandez "accepted responsibility" for the accident. Although a party's testimonial declarations contrary to his position are quasi-admissions, they only constitute

---

[5] The first stated reason is also problematic for a different reason: it largely paraphrases section 545.062(a) of the Texas Transportation Code. Alvarado argued in his motion for new trial section 545.062(a) established a duty of care, and Vernis Hernandez admitted to breaching it. However, the trial court never charged the jury on section 545.062 or negligence per se, and the negligence instruction did not incorporate section 545.062(a) (nor does Alvarado contend it did). The application of § 545.062(a) would therefore not be a legally appropriate reason for granting a new trial. *See Bent*, 487 S.W.3d at 179.

some evidence; they do not conclusively prove liability. *See Mendoza v. Fid. & Guar. Ins. Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex. 1980). Indeed, in his testimony, Vernis Hernandez plainly *denied* he caused the accident, blaming heavy traffic, an abrupt stop in traffic, and explaining the accident was not otherwise preventable under the circumstances. Vernis Hernandez's testimony also contradicts the trial court's fourth reason, that he did not present "any evidence" of any excuse. *See Toyota Motor Sales*, 407 S.W.3d at 755 (concluding record does not support new trial order, explaining "[t]he trouble is that the record squarely conflicts with the trial judge's expressed reasons for granting new trial. Simply articulating understandable, reasonably specific, and legally appropriate reasons is not enough; the reasons must be valid and correct"). Nor does the trial court purport to provide any other legally appropriate reason demonstrating how the great weight and preponderance of the evidence undermines the jury's findings. *United Scaffolding*, 377 S.W.3d at 689.

Accordingly, the trial court's reasons were not legally appropriate, and the trial court clearly abused its discretion.[6]

## CONCLUSION

We therefore conditionally grant the petition for writ of mandamus, direct the trial court, no later than fifteen days from the date of this opinion, to vacate the portion of the January 10,

---

[6] Vernis Hernandez contends the trial court's order is too vague because of its use of "inter alia," citing *United Scaffolding*. 377 S.W.3d at 687. In *United Scaffolding* the Supreme Court of Texas conditionally granted mandamus, concluding a trial court's use of "and/or" in its order made the order read as though the trial court's actual reasons might have been any of the stated reasons, all of them, or none of them and simply the trial court's conclusion a new trial was "in the interest of justice and fairness." *Id.* In the interest of justice and fairness is never an independently sufficient reason for granting a new trial. *Id.* Here the trial court uses "inter alia," which is defined as "among other things." *Inter alia*, BLACK'S LAW DICTIONARY (11th ed. 2019) *available at* Westlaw. Unlike the confusing use of the combined "and/or" conjunction, "inter alia" or "among other things" plainly provides the reasoning in the order is *among* other rationales it might have left out of the order.

2023 order granting the Motion for New Trial, and render judgment on the verdict. The writ will issue only if the trial court fails to comply.

Luz Elena D. Chapa, Justice