

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00815-CV

**IN RE SPOTTED LAKES, LLC D/B/A 1845 OIL FIELD SERVICES**

Original Mandamus Proceeding[1]

Opinion by:     Lori I. Valenzuela, Justice

Sitting:        Patricia O. Alvarez, Justice
                Irene Rios, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: February 7, 2024

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

After a two-week trial, a jury awarded real party in interest Joaquin Leija $88,500.00 in personal injury damages against relators Spotted Lakes, LLC d/b/a 1845 Oil Field Services and Martin Perez (collectively "Spotted Lakes"). Leija moved for a new trial arguing, among other things, that the trial court abused its discretion by refusing to allow him to introduce deposition testimony from two of Spotted Lakes' experts during his case-in-chief. The trial court granted Leija's motion, ordering a new trial. In this original proceeding, Spotted Lakes contends the trial court erred in the exercise of its discretion. We agree and conditionally grant mandamus relief.

---

[1] This proceeding arises out of Cause No. 19-05-00119-CVK, styled *Joaquin Leija v. Spotted Lakes, LLC d/b/a 1845 Oil Field Services and Martin Perez*, pending in the 81st Judicial District Court, Karnes County, Texas, the Honorable Russell Wilson presiding.

## BACKGROUND

On October 24, 2018, a vehicle collision occurred between Leija and a Spotted Lakes vehicle. Leija sued Spotted Lakes for negligence, asserting he sustained back and shoulder injuries as a result of the collision. Before the collision, Leija had worked in the oilfield for nearly two decades and earned approximately $100,000.00 a year despite only having an eighth-grade education. After the collision, Leija avers he is not able to earn an equivalent yearly salary due to his resulting injuries.

During the pre-trial process, Spotted Lakes designated several expert witnesses on various topics, including two orthopedic surgeons—Dr. Andrew Kant and Dr. Mark Maffet—and a vocational expert, Thomas King. In general, Kant and Maffet were to testify regarding the medical severity and recovery of Leija's injuries, and King was to testify regarding Leija's occupational abilities pre and post collision.

Leija moved to strike Kant and Maffet's testimony arguing it was unnecessarily duplicative and cumulative. Before Leija's motion was heard, however, the parties reached an agreement in which Leija agreed to withdraw claims related to his alleged shoulder injury, and Spotted Lakes agreed to call only one of its expert orthopedic surgeons at trial. Spotted Lakes chose to keep Maffet designated as an expert witness and de-designated Kant. Furthermore, in accordance with the trial court's docket control order, the parties were to designate deposition excerpts for trial use approximately thirty days before trial. Leija designated specific excerpts from Kant's deposition for trial use but did not designate any excerpts from King's deposition.

During his case-in-chief, Leija sought to introduce portions of Kant and King's deposition testimony to rebut arguments made by Spotted Lakes' counsel. Additionally, Leija's counsel argued he had "flipped" the experts, advising the trial court their testimony was now favorable to him. Spotted Lakes objected to the introduction of any portion of either deposition. Regarding

Kant, Spotted Lakes argued Leija could not introduce his testimony because they had de-designated him in accordance with the parties' agreement. In the alternative, Spotted Lakes asserted that if Leija were to be allowed to enter portions of Kant's deposition into the record in his case-in-chief, then they be allowed to do the same. As to King, Spotted Lakes contended his deposition testimony could not be admitted because Leija had failed to provide any notice of deposition excerpts before trial.

The trial court sustained Spotted Lakes' objections but advised Leija that the rulings "may change when it gets time for you to provide your rebuttal" evidence. The trial court also stated Leija may make a bill of exceptions at the appropriate time. After Spotted Lakes concluded its case-in-chief, Leija did not move to enter Kant or King's deposition testimony into the record, nor did he offer any other rebuttal evidence.

The jury awarded Leija damages totaling $88,500.00 for medical expenses, past physical pain and mental anguish, and lost wages. The jury did not award Leija any damages for future loss of earning capacity, future medical expenses, disfigurement, or physical impairment. Leija filed a motion for a new trial asserting, among other things, that the trial court erred by failing to allow him to introduce portions of Kant and King's deposition testimony. After a hearing, the trial court granted Leija's motion, ordering a new trial.[2]

On August 30, 2023, Spotted Lakes filed its mandamus petition arguing that the trial court acted without reference to guiding principles of law by granting Leija's motion for new trial. We requested responses from the trial court and Leija, to which Leija responded.

---

[2] The jury trial was conducted before the Honorable Lynn Ellison. The motion for new trial was heard and granted by the Honorable Russell Wilson.

**STANDARD OF REVIEW**

Mandamus relief is both extraordinary and discretionary. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To be eligible for mandamus relief, a relator must show the trial court committed a clear abuse of discretion and that it has no adequate remedy by appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (per curiam). The trial court's discretion does not depend on "whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). Rather, the abuse of discretion inquiry depends on whether the trial court acted without reference to any guiding rules or principles. *See id*; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Mandamus relief is warranted "to correct a clear abuse of discretion committed by a trial court in granting a new trial." *In re Whataburger Restaurants LP*, 429 S.W.3d 597, 598 (Tex. 2014) (orig. proceeding) (per curiam).

**MOTION FOR NEW TRIAL**

*Applicable Law*

"Rule 320 of the Texas Rules of Civil Procedure gives the trial court broad discretion in granting new trials 'for good cause, on motion or on the court's own motion.'" *In re Procesos Especializados en Metal, S.A. de C.V.*, No. 04-14-00543-CV, 2014 WL 4347724, at *2 (Tex. App.—San Antonio Sept. 3, 2014, orig. proceeding) (mem. op.) (quoting TEX. R. CIV. P. 320). While a trial court enjoys broad discretion, this discretion is not without limitation. *In re Davenport*, 522 S.W.3d 452, 456 (Tex. 2017) (orig. proceeding). A trial court acts within the limits of its discretion "so long as its stated reason for granting a new trial (1) is a reason for which a new trial is legally appropriate (such as a well-defined legal standard or a defect that probably resulted in an improper verdict); and (2) is specific enough to indicate that the trial court did not simply parrot a pro forma template, but rather derived the articulated reasons from the particular facts and

circumstances of the case at hand." *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 688–89 (Tex. 2012) (orig. proceeding). "The trial court does not need to provide a 'detailed catalogue' of the relevant evidence on the issue" but "if liability turns on a specific event occurring on a specific date, something more than a vague reference to the facts is required." *In re Vernis Hernandez*, No. 04-23-00246-CV, 2023 WL 5068573, at *2 (Tex. App.—San Antonio Aug. 9, 2023, orig. proceeding) (mem. op.).

On the other hand, a trial court acts outside its discretionary limits in ordering a new trial, and mandamus relief may be warranted "if, among other things, the order's stated reason: (1) specific or not, is not one for which a new trial is legally valid; (2) plainly state[s] that the trial court merely substituted its own judgment for the jury's; (3) is based on discrimination or dislike of a party's lawyer; (4) provides little or no insight into the judge's reasoning; (5) merely recites a legal standard such as a statement that a finding is against the great weight and preponderance of the evidence; (6) fails to indicate the trial court considered the specific facts and circumstances of the case at hand; or (7) fails to explain how the evidence (or lack of evidence) undermines the jury's findings." *Id.* (citing *United Scaffolding*, 377 S.W.3d at 689).

If the new trial order is insufficient on its face, meaning one or more of the above-enumerated factors is satisfied, mandamus relief may be warranted without further scrutiny of the record. *In re Bent*, 487 S.W.3d 170, 173 (Tex. 2016) (orig. proceeding). However, if the order is facially sufficient, "appellate courts are empowered to conduct a merits review of the bases for a new trial order and grant mandamus relief if the record does not support the trial court's rationale for ordering a new trial." *Vernis Hernandez*, 2023 WL 5068573, at *2 (internal quotations omitted). "A record does not support the trial court's rationale if it squarely conflicts with the trial judge's expressed reasons for granting [a] new trial." *Id*.

*Analysis*

Spotted Lakes argues mandamus relief is warranted because the trial court's order granting Leija's motion for new trial is insufficient on its face. Because the trial court's order is facially insufficient, Spotted Lakes concludes a merits review by this court is unnecessary. If we are to review the merits, Spotted Lakes avers the record does not support a conclusion that the exclusion of Kant and King's deposition testimony in Leija's case-in-chief led to the rendition of an improper jury verdict. In response, Leija argues the trial court's order is proper because "the trial court's refusal to admit this evidence" in his case-in-chief or as impeachment evidence "extremely prejudiced" his loss of earning capacity claims. Therefore, Leija concludes a new trial is warranted. The trial court's order granting Leija's motion found:

> [T]he trial court abused its discretion by denying [Leija] the opportunity to introduce video deposition testimony of [Spotted Lakes'] retained medical and vocational experts, Dr. Kant, and Thomas King. The Motion is otherwise DENIED.

Based on the guidance pronounced by the Texas Supreme Court, the trial court's order is facially insufficient because it failed to explain how the lack of evidence—Kant and King's deposition testimony—undermined the jury verdict. *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 211–13 (Tex. 2009) (orig. proceeding); *United Scaffolding*, 377 S.W.3d at 689. When granting a new trial, the trial court was required to "assur[e] the parties that the jury's decision was set aside only after careful thought and for valid reasons." *United Scaffolding*, 377 S.W.3d at 688; *In re Orren*, 533 S.W.3d 926, 931 (Tex. App.—Tyler 2017, orig. proceeding). Here, however, the trial court's order provides no explanation to support its finding that it was an abuse of discretion for the trial judge to deny Leija the opportunity to introduce the deposition testimony. *See Bent*, 487 S.W.3d at 173; *Vernis Hernandez*, 2023 WL 5068573, at *2. Accordingly, the trial court clearly abused its discretion by failing to provide the parties with "an

understandable, reasonably specific explanation" for setting aside the jury's verdict and granting Leija's motion for new trial. *See Bent*, 487 S.W.3d at 173; *Columbia*, 290 S.W.3d at 213.

Additionally, Leija fails to show the basis for the new trial order is one for which a new trial is legally valid. *See United Scaffolding*, 377 S.W.3d at 689. Leija contends the trial court acted properly in granting a new trial because he was denied an opportunity to introduce the Kant and King deposition testimony that rebutted arguments raised by Spotted Lakes' counsel at the beginning of trial and was favorable to him. Leija's argument is unpersuasive here for two reasons.

First, rebuttal evidence is proper after all parties have had an opportunity to present evidence. TEX. R. CIV. P. 265(f); *In re Bledsoe*, 41 S.W.3d 807, 813 (Tex. App.—Fort Worth 2001, orig. proceeding) ("Rebuttal evidence is limited . . . and goes only to disprove facts already in evidence by an adverse party."). Although the trial court sustained Spotted Lakes' objections to the entry of the depositions during Leija's case-in-chief, the court made clear to Leija that he would have the opportunity to introduce the testimony as rebuttal evidence or make a bill of exceptions. Our review of the record reveals the trial court provided Leija with an opportunity to offer rebuttal evidence, but Leija chose not to offer any. *See McGaffigan v. Mora*, No. 04-03-00472-CV, 2004 WL 1159346, at *2–3 (Tex. App.—San Antonio May 26, 2004, pet. denied) (mem. op.) (holding, assuming the trial court improperly excluded evidence, the trial court did not err because it provided the complaining party an opportunity to rebut the disputed testimony).

Second, Leija sought to introduce Kant's and King's testimony to rebut arguments made by Spotted Lakes' counsel. Generally, the argument of counsel is not evidence. *See Fallon v. MD Anderson Physicians Network*, 586 S.W.3d 58, 75 (Tex. App.—Houston [1st Dist.] 2019, pet. denied) ("Motions, arguments of counsel, and bare assertions are not evidence."). Therefore, the trial court's new trial order provides an invalid basis to grant a new trial.

In sum, the trial court's order granting Leija's motion for new trial is insufficient on its face. *See Columbia*, 290 S.W.3d at 213; *United Scaffolding*, 377 S.W.3d at 689; *Bent*, 487 S.W.3d at 173; *In re Rudolph Auto., LLC*, 674 S.W.3d 289, 299 (Tex. 2023) (orig. proceeding) (noting that an explanation for the reason a trial court grants a new trial "is the essential prerequisite for verifying that a new-trial order does not contravene the constitutional principle that judges may not substitute their own views for that of the jury without a valid basis."). Accordingly, the trial court's order granting a new trial was a clear abuse of discretion.

## CONCLUSION

We conditionally grant mandamus relief for the reasons stated in this opinion.

Lori I. Valenzuela, Justice