

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00920-CV

**IN RE** Todd A. **FOERSTER**, Relator

Original Proceeding[1]

Opinion by:     Rebeca C. Martinez, Chief Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Irene Rios, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: March 27, 2024

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART

Relator, Todd A. Foerster, seeks mandamus relief from an order that grants a motion for new trial filed by Diana Kiernan, the real party in interest, and sets aside a jury verdict. We conclude that the new trial order is facially invalid and conditionally grant part of the mandamus relief that Foerster seeks.

## I. BACKGROUND

While driving a pickup, Foerster rear-ended Kiernan's sport utility vehicle. Kiernan sued Foerster for negligence. After a trial, the jury found that Foerster was not negligent. Kiernan moved for a new trial, and the trial court granted Kiernan's motion. The new-trial order specifically provides:

---

[1] This proceeding arises out of Cause No. 2019-CI-15201, styled *Diana Prado Keirnan v. Todd A. Foerster*, pending in the 166th Judicial District Court, Bexar County, Texas, the Honorable Laura Salinas presiding.

After considering Plaintiff's Motion for New Trial, the response, the pleadings, and argument of counsel, the Court GRANTS the motion, sets aside the judgment and orders a new trial in the interest of justice and fairness.

IT IS THEREFORE ORDERED that the judgment entered in this cause is set aside and Plaintiff's Motion for New trial is granted.

Foerster then filed his petition for writ of mandamus. We requested a response from Kiernan, but none was filed.

## II. DISCUSSION

### A. Standard of Review

Mandamus is an extraordinary remedy. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). The relator bears the burden of proving these requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d at 302; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). A writ of mandamus will issue to correct a clear abuse of discretion committed by a trial court in granting a new trial. *In re Whataburger Rests., LP*, 429 S.W.3d 597, 598 (Tex. 2014) (orig. proceeding) (per curiam); *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 756–57 (Tex. 2013) (orig. proceeding); *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 688–89 (Tex. 2012) (orig. proceeding).

### B. In the Interest of Justice

In *In re Columbia Medical Center of Las Colinas*, 290 S.W.3d 204, 212–13 (Tex. 2009), the Texas Supreme Court held that a trial court acts arbitrarily and abuses its discretion if it

disregards a jury verdict and grants a new trial, but does not specifically set out its reasons. It further held that (1) stating the new trial is granted "in the interests of justice and fairness" is not a sufficiently specific reason,[2] and (2) a relator challenging such an order does not have an adequate remedy by appeal. *Id*. at 206, 209–10, 213. A trial court does not abuse its discretion so long as its stated reason for granting a new trial is: (1) a reason for which a new trial is legally appropriate, such as a well-defined legal standard or a defect that probably resulted in an improper verdict; and (2) specific enough to indicate that the trial court did not simply "parrot a pro forma template," but rather derived the articulated reasons from the particular facts and circumstances of the case at hand. *In re United Scaffolding, Inc.*, 377 S.W.3d at 688–89.

In this case, the new-trial order is facially invalid under *Columbia Medical*. Accordingly, Foerster has established that he is entitled to mandamus relief directing the trial court to vacate its new-trial order. Foerster also seeks, as the relator in *Columbia Medical* did, a writ of mandamus directing the trial court to sign a judgment in accordance with the jury verdict; however, as with the relator in *Columbia Medical*, Foerster is not entitled to such relief. In *Columbia Medical*, the Texas Supreme Court denied without prejudice further relief, explaining that "[t]he trial court has not stated its specific grounds for refusing to enter judgment on the jury verdict and granting a new trial." *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d at 215; *see also In re Tex. Farm Bureau Mut. Ins. Co.*, No 01-19-00742-CV, 2020 WL 573249, at *4 (Tex. App.—Houston [1st Dist.] Feb. 6, 2020, orig. proceeding) (mem. op.) ("The remedy for a facially invalid order is a remand to the trial court, which then has the option to deny the motion for new trial or to sign an order that comports with Texas law.").

---

[2] Such a reasoning has been termed, "facially invalid." *See In re United Scaffolding, Inc.*, 377 S.W.3d at 692 ("A facial review that fails to confirm that the record supports a new trial order does injustice to the commitment and service of a jury that faithfully swore to reach a true verdict.").

## III. Conclusion

Because the new-trial order is facially invalid, we conditionally grant, in part, Foerster's petition for writ of mandamus and direct the trial court to vacate its new-trial order and sign a new order that either: (1) specifies its reasons for ordering a new trial in compliance with *United Scaffolding*; or (2) denies Kiernan's motion for new trial.  The balance of Foerster's petition for writ of mandamus is denied without prejudice.  The writ will issue only if the trial court does not comply with this opinion within fifteen days.

Rebeca C. Martinez, Chief Justice